### SEABROOK v. MOSTOWITZ.

1. APPEAL—INJUNCTION.—An order dissolving a temporary injunction is appealable, when the injunction is essential to the assertion and preservation of a legal right.
2. CIRCUIT JUDGE—CHAMBERS—INJUNCTION—CHATTEL MORTGAGES. In a suit to perpetually enjoin the mortgagee of a chattel from selling same, a Circuit Judge, *at chambers*, cannot decide, on affidavits, the question of tender and satisfaction of the mortgage debt, alleged and denied in the pleadings.
3. INJUNCTION.—A temporary injunction should be continued when it is essential to the assertion and preservation of plaintiff's rights, and when he has no other adequate remedy at law.

Before BENET, J., Charleston, July, 1896.    Reversed.

Action by E. Seabrook against Morris Mostowitz and Hugh Ferguson. From order rescinding temporary injunction the plaintiff appeals.

*Messrs. Edwards & Sasportas*, for appellant, cite: *On main question:* 42 S. C., 101; 17 S. E. R., 364; Gen. Stat., 2464; Code, 227, 232; 44 Am. Dec., 444; Rev. Stat. 1896; Code, 240.

*Messrs. Mordecai & Gadsden*, contra, cite: *Order not appealable:* 26 S. C., 613; 34 S. C., 345; 36 S. C., 559.

March 10, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was brought to have certain chattel mortgages executed by plaintiff to defendant, Mostowitz, declared null and void on the ground that plaintiff had tendered to defendant the balance of principal and interest, and all costs due thereon. The complaint further alleged that the defendant, Hugh Ferguson, as agent of the defendant, Mostowitz, without having made a seizure, has advertised the said personal property (viz: two Platte Bros. gins, one portable boiler and engine, one corn mill, and one cart), for sale, and is proceeding to sell the same under said mortgages; that plaintiff carries on the business of ginning cotton, and that to be deprived of his property above mentioned at this time will wholly stop his business for the year, as the business is carried on principally from 1st September to the 31st December of each year, and will permanently disturb his business, in driving his patrons elsewhere, thereby seriously and materially injuring the plaintiff, which injury will be irreparable; that plaintiff has no adequate remedy at law. A perpetual injunction restraining defendants from proceeding under said mortgages was prayed for.

On the 14th day of August, 1896, Judge Benet granted a temporary injunction restraining the defendants from interfering with the said property, and issued a rule requiring defendants to show cause why such restraining order should not be continued until the hearing on the merits. The hearing at the return was upon the complaint, supported by the affidavit of plaintiff, and the answers, supported by the affidavits of the defendants. It will be sufficient here to state that the answers denied the allegation that defendant, Ferguson, had not seized said property, alleging that he had made seizure thereof, and had been in possession since said seizure, and was proceeding to sell the same until restrained by the Court; the answers also, while admitting that an attempt to tender an alleged balance on said mortgages had been made, and had been refused, alleged that the amount attempted to be tendered was less than the

amount due on said mortgages. The return was heard August 24th, 1896, and Judge Benet thereupon granted an order rescinding the restraining order of August 14th, 1896, without stating any reason therefor. This appeal is from the order discharging the temporary injunction.

The first question to be considered is, whether the order is appealable. In *Strom* v *American &c. Mortgage Co.*, 42 S. C., 101, this Court held that an order dissolving a temporary injunction is appealable when the injunction is essential to the assertion and preservation of a legal right. In this last mentioned case, a married woman sought to have a mortgage on her land declared void for want of power in her to execute such mortgage, and prayed for injunction restraining proceedings to sell said land, under a power given in the mortgage. This Court entertained an appeal from an order dissolving a temporary injunction. The case at bar is much like the case last mentioned. We hold, therefore, that the order is appealable.

Appellant seeks to reverse said order for error in refusing to continue said injunction, (1) because the tender of the mortgage debt before sale, with costs accruing to the time of tender, and the refusal of the same, rendered the mortgages null and void; (2) because such tender and refusal revested the title to the property in the mortgagor; and (3) because there is no adequate remedy at law.

We think Judge Benet erred in not continuing the temporary injunction until the trial of the case on its merits. The act approved December 19th, 1892, Acts 1892, p. 7, appearing as sec. 2464, Rev. Stat. 1893, provides, "That the mortgagor of any chattel shall have the right to redeem the property mortgaged by him, at any time before sale by the mortgagee, by paying the mortgage debt and any costs incurred in attempting to enforce its payment, and a tender made by the mortgagor of an amount sufficient to pay said debt and costs, if not accepted, shall render the mortgage null and void." The complaint alleges such tender and refusal to accept, and the denial thereof by

the defendant raised an issue of fact which the Circuit Judge could not determine at chambers on affidavits, and which plaintiff had the right to have determined by a court of equity. Until this issue is determined by the proper tribunal, plaintiff is entitled to have the property remain in *statu quo;* since if the property is allowed to be sold pending the trial of this issue, it would tend to defeat the object of the suit, which is to enjoin such sale. In the event it should be determined that plaintiff is entitled to the perpetual injunction sought, it would avail him little if he should be deprived of his property pending the trial. The continuance of the injunction until the trial of the cause is essential to the assertion and preservation of plaintiff's rights as alleged in the complaint. *Strom* v. *American &c. Mortgage Co.*, *supra*. Under the facts stated in the complaint, plaintiff had no adequate remedy at law. If, as alleged, he made the tender, and it was not accepted, the title to the mortgaged property revested in him; and if, as alleged, the defendant, Ferguson, had not taken possession of the property by seizure, then both title and possession being in plaintiff, he could neither bring an action to recover the possession of the property nor an action for damages for its unlawful seizure.

The judgment of the Court is, that the order dissolving the injunction be reversed, that the case be remanded for a hearing on its merits, and that in the meantime the temporary injunction be continued until dissolved by proper authority.