9732

KINDER v. ATLANTIC COAST LUMBER CORP. *ET AL.*

(93 S. E. 7.)

INJUNCTION—TEMPORARY—AUTHORITY OF JUDGE AT CHAMBERS.—A Circuit Judge at chambers on application for a temporary injunction cannot try the case on its merits and make a final order, the sole question before him being to determine whether in the exercise of his discretion he will grant or refuse the application for which purpose

he can inquire sufficiently into the merits to see how his discretion will be exercised, and the plaintiff has the right to have his case tried and decided on the merits by a proper tribunal having jurisdiction to do so.

Before PRINCE, J., Kingstree, December, 1916.  Affirmed.

Action by H. H. Kinder against the Atlantic Coast Lumber Corporation and others.  · Defendants appeal from order refusing to dismiss complaint and striking case from the calendar.

*Kelley & Hinds* and *Willcox & Willcox,* for appellants. *Messrs. Kelley & Hinds* cite: *As to former decision by preceding Judge construing contract:* 54 S. C. 582; 43 S. C. 221; 92 S. C. 1; 90 S. C. 229; 88 S. C. 464; 16 S. C. 364. *Form or purpose of former construction immaterial:* 59 How. Pr. 136; 30 Kan. 234; 93 Am. St. Rep. 740; 57 Fed. 980; 35 La. Ann. 553; 16 Abb. Pr. 98.  *Decision appealable:* 83 N. C. 69, 70 and 298; 74 N. C. 324; 34 S. C. 345. *Decisions on applications for temporary injunction:* 60 S. C. 559; 77 S. C. 416; 84 S. C. 37; 80 S. C. 283; 93 S. C. 251. *Order should not be sustained on grounds not raised in Circuit Court:* 94 S. C. 373; 63 S. C. 154.

*Messrs. Walter Hazard* and *Leroy Lee,* for respondent. *Mr. Hazard* submits: *Order on application for an interlocutory injunction is not on merits and nonappealable:* 48 S. C. 315; 34 S. C. 345; 60 S. C. 559; 54 S. C. 473; 51 S. C. 433; 2 High Injunctions (3d ed.), secs. 1509, 1511 and 1512; 85 S. C. 13; 88 S. C. 464, 475; 93 S. C. 247; 96 S. C. 357; 62 S. C. 196; 67 S. C. 84, 93; 80 S. C. 283; 85 S. C. 309, 317.  *Distinguishes:* 19 S. C. 532; 84 S. C. 103.  *Circuit Judge could not render final judgment or decide case on merits at chambers:* 16 S. C. 618; 14 S. C. 521; 44 S. C. 383; 5 S. C. 348; 47 S. C. 31; 54 S. C. 382 and 400; 84 S.

FOOTNOTE.—See case of *Dallas* v. *Inman, ante.*

C. 37; 51 S. C. 433; 54 S. C. 473; 60 S. C. 568; 14 Enc. Pl. & Pr. 176, 177. *Judgment on appeal:* 25 S. C. 541; 22 S. C. 606; 29 S. C. 466; 40 S. C. 267. *Additional grounds to sustain:* C. C. Rule 18; 37 S. C. 572; 53 S. C. 132; 55 S. C. 450; 94 S. C. 366.; 93 S. C. 247. *Effect of demurrer, taking inconsistent positions:* 10 R. C. L., p. 698, secs. 26 and 27; 14 Cyc. 426, 427; Harp. L. 47; 13 Colo. App. 449; 59 Pac. 229.

July 6, 1917.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from an order of Judge Prince refusing to dismiss the complaint herein and striking the case from the calendar of the Court on the ground that the rights of the parties had been finally settled and determined by an order previously made by Judge Wilson at chambers.

The exceptions raise but one question: Is the order of the Circuit Judge, Wilson, made at chambers on an application · for a temporary injunction, construing the deed from plaintiff to the Atlantic Coast Lumber Company, a final adjudication of the rights of the parties?

A Circuit Judge in an application for a temporary injunction cannot try the case on its merits and make a final order that disposes of the case on its merits. The question for him to determine is solely whether in the exercise of his discretion he will grant or refuse the application for the temporary restraining order, and for this purpose he can inquire sufficiently into the merits of the case to say how his discretion will be exercised, whether he will grant or refuse the order. ··He can only consider at chambers the motion before him. He cannot try the case at chambers on its merits and pass an order dismissing the complaint or any other order that practically disposes of the merits of the cause. Judge

Wilson's order cannot have any other effect than to determine the matter properly before him, to wit, granting or refusing the application for the temporary order applied for. His order necessarily could not prejudice the plaintiff or defendant on the final hearing of the case on its merits. Judge Wilson's order was simply his views and idea on the merits of the case on the application then before him.   He had no right at chambers to adjudicate the merits of the case, being entirely without jurisdiction to do so.   The only thing adjudicated by Judge Wilson's order was according to his views, and in the exercise of the discretion and authority vested in him, the plaintiff was not entitled to the temporary order of injunction asked for.   The plaintiff has the right to have his case tried and decided on its merits by a proper tribunal having jurisdiction to do so.

The case was commenced in January, 1911, and has not been tried on its merits yet.   During that time the matter was up before Judge Wilson on the application for injunction.   After Judge Wilson's order was filed notice to strike from calendar was served by one side and a demurrer by the other in March, 1911.   Neither of these motions was ever pressed to a hearing.   A motion to refer was made before Judge Spain in 1912, which was refused.   Nothing further was done until notice of motion was given, which was heard by Judge Prince, who made the order appealed from.   All of which goes to show that the defendant did not construe Judge Wilson's order to mean what appellants contend for here.

The exceptions are overruled.   Judgment affirmed.