### 9731

#### DALLAS *ET AL.* v. INMAN *ET AL.*

##### (93 S. E. 8.)

INJUNCTION — HEARING — POWERS AT CHAMBERS — "FINAL ORDER."—On demurrer to the complaint for an injunction, the Court had no right at chambers to sustain the demurrer and make an order dismissing the complaint, as the order of dismissal would be a final order given at chambers, and, therefore, improper.

Before MAULDIN, J., York, October, 1916.    Reversed.

Action by W. T. Dallas and others against Claud Inman and others. From an order at chambers sustaining demurrer to complaint and refusing temporary injunction, plaintiffs appeal.

*Messrs. Hemphill & Hemphill* and *J. C. McLure,* for appellants, submit: *The notice of motion to vacate restraining order, and return to order to show cause did authorize order dismissing complaint. The relief went beyond that demanded in notice:* 19 S. C. 294. *It controverted allegations of complaint, and was not a demurrer:* Code Civ. Proc., sec. 197; 18 S. C. 584; 45 S. E. 174. *Sufficiency on demurrer:* 51 S. C. 506. *Order sustaining demurrer final judgment:* 93 S. C. 365. *Cannot be made at chambers:* 54 S. C. 402. *Questions involving merits cannot be decided at chambers:* 57 S. C. 75. *Facts should be determined as prescribed by law:* 54 S. C. 457. *As to disqualification of clerk to act:* Civil Code, secs. 2199, 2201, 2210, 2211; 23 Cyc. 504, 505; 8 S. C. L. 267; Const., art. V, sec. 6; 58 S. C. 92; Freeman Jdmts. (3d ed.), sec. 146; 64 S. C. 201. *Attack on former judgment:* 23 S. C. 154; 41 S. C. 44; 13

S. C. 355; 32 S. C. L. 1; Freeman Jdmts., sec. 117 *Res judicata:* 17 S. C. 35; 53 S. C. 285; 34 Cyc. 1666. *Impairment of obligation of prior liens:* 2 Blackstone 448; 134 U. S. 296; 35 L. R. A. 373. *Due process:* 114 U. S. 606; 184 U. S. 61; 169 U. S. 366. *Provisions of Constitution as to damage not to be extended:* 103 S. C. 185; 11 S. C. 333. *Special assessments:* 54 Ohio St. 247; 80 Ohio St. 151; 43 N. E. 493; 88 N. E. 801; 73 S. E. 427; 53 S. C. 285 and 259.

*Mr. J. S. Brice,* for respondent, cites: *As to constitutionality of act:* 103 S. C. 184; 106 S. C. 362. *Interest on part of clerk:* 64 S. C. 201; 92 Am. St. Rep. 800.

*Mr. John R. Hart,* also for respondent, cites: *As to constitutionality of act:* 103 S. C. 184; 89 S. E. 586; 80 Minn. 170; 61 Neb. 376; 86 S. E. 909; 152 N. C. 738; 14 Cyc. 1058; 9 Kan. App. 256; 170 N. C. 14; 68 S. E. 225. *Waiver of objection of clerk:* 64 S. C. 201. *Clerk not disqualified by interest:* 14 Cyc. 1027 and 1037; 72 S. C. 1; 68 S. E. 895; 170 N. C. 14. *Effect on other liens:* 106 S. C. 362. *Collateral attack:* 80 Ind. 63; 132 Ind. 95; 117 Iowa 43; 87 N. E. 966. *Service of summons:* 37 S. C. 78; 91 N. E. 3; 93 Fed. 316; 14 Cyc. 1050; Civil Code, sec. 2232.

July 6, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for injunction. A temporary restraining order was issued by his Honor, Judge Mauldin, and a rule to show cause as issued by him returnable at his chambers at Lancaster, S. C. The defendants demurred to the complaint. The matter was heard by his Honor at chambers, who filed an order sustaining the demurrer refusing the tem-

porary order of injunction and dismissing the complaint. All of this was done by his Honor at chambers. · From this order plaintiffs appeal.

Exceptions raise the point, among others, that the Court had no jurisdiction at chambers to dismiss the complaint. The only matter properly before his Honor for a determination at chambers was the question of granting a temporary restraining order in the cause until the cause could be heard on its merits. This his Honor could do or refuse to do in the exercise of the discretion vested in him by law.

In the hearing of this question of granting or refusing the temporary order of injunction the Judge can inquire into the merits of the cause sufficiently to say what his discretion should be whether to refuse or grant the motion before him. He cannot try the case on its merits and dismiss the complaint at chambers. The only matter that his Honor should have heard and determined in the matter before him was whether he would grant or refuse the application for the temporary injunction. He had no right at chambers to sustain the demurrer and dismiss the complaint. This would be a final order given at chambers, and a judgment in the case which cannot be done at chambers. The exceptions raising this question are sustained. The others are not considered.

Order appealed from reversed.