### 11721

### SOLEN CORPORATION *ET AL.* v. ROBERTSON *ET AL.*

#### (128 S. E., 596)

ADVERSE POSSESSION—COMPLAINT IN SUIT TO ENJOIN CITY FROM ENFORCING ORDER FOR REMOVAL OF SHED OVER SIDEWALK HELD INSUFFICIENT TO STATE CAUSE OF ACTION.—Where plaintiff, seeking to enjoin city and its officers from enforcing order for removal of shed extending over sidewalk, alleged that city had acquiesced in construction and maintenance of shed, which had existed for over 45 years, and failed to allege that such use was adverse, *held* complaint did not state facts sufficient to constitute a cause of action or sustain valid judgment.

Before JOHNSON, J., Charleston, August, 1924. Affirmed.

Action by the Solen Corporation and others against Jenkins M. Robertson and others. From judgment for defendants, plaintiffs appeal.

*Messrs. J. N. Nathans* and *Henry D. Williams,* for appellant, cite: *Equitable estoppel against municipality:* 10 R. C. L., 707; 21 C. J., 1198; 37 S. C., 327; 67 S. C., 515; 123 S. E., 494; 2 Dillon on Mun. Corp. Sec. 529-933; 71 P., 605; 128 P. 45; 48 Ore., 292; 86 P., 376; 169 N. W., 741. *No prescription against railroads:* 85 S. C., 443; 63 S. C., 266; 67 S. C., 506. *Estoppel against railroads:* 109 S. E., 285; 63 S. C., 266; 67 S. C., 548.

*Mr. John I. Cosgrove,* for respondents, cite: *Affidavits after answer:* 2 Hill Equity 617. *Affidavits with petition:* 82 S. C., 182. *Allowance of further proof matter of discretion:* 39 Md., 429. *City not authorized to alien its rights in streets:* 75 S. C., 235; 15 S. E., 953; 13 R. C. L., 189; 122 S. E., 641; 3 Dillon Mun. Corp. (5th Ed.), 1885. *Nuisance per se:* 13 R. C. L., 186 and 190; 88 S. C., 484; 82 S. C., 181; 19 R. C. L., 851; 121 S. E., 285; 48 L. R. A. (N. S.), 173; 20 L. R. A. (N. S.), 145. *Prescription necessarily adverse:* 107 S. C., 400; 9 R. C. L., 778. *Authority of City Council in streets. Charter*

*of City of Charleston:* Civ. Code, 1922, Sec. 4570; 123 S. E., 494. *Projections in streets regulated:* Ordinance of Charleston Sec. 141 and 142.

March 19, 1925. Petition for re-hearing dismissed July 2, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The complaint reads as follows:

"First. That the plaintiff Solen Corporation was at the time hereinafter mentioned and now is a corporation existing by and under the laws of the State of South Carolina, and as such corporation is the owner in fee of the premises Nos. 168 and 170 East Bay Street in the City of Charleston, S. C., which said premises were conveyed to plaintiff Solen Corporation by F. K. Myers, master, by deed dated November 1, 1913, and recorded in the R. M. C. office for Charleston County in Book S-24, p. 210.

. "Second. That plaintiff Henry Hirschmann is engaged in business in the City of Charleston, S. C., under the name and style of S. Hirschmann & Son, and as such occupies the premises aforesaid, Nos. 168 and 170 East Bay Street, as lessee of the said plaintiff Solen Corporation.

"Third. That the defendants Jenkins M. Robertson, J. Ross Hanahan, H. M. Grimball, T. Wilbur Thornhill, and Thomas P. Stoney are members of the board of public service, a board established by an ordinance adopted by the mayor and aldermen of the City of Charleston in city council assembled Monday, March ——, 1924, at which time, these defendants were appointed members of the said board, which board is clothed with all the rights, powers, privileges, and authority formerly vested *inter alia* by ordinances of the city council of Charleston in, and all the duties and responsibilities formerly imposed under the said ordinances upon, the committee on streets, which said duties include among others the duty of removing obstructions from the streets of the City of Charleston.

"Fourth. That the defendant J. H. Dingle is the city engineer of the City of Charleston and as such empowered with the execution of orders of the said board of public service regarding the removal of obstructions from the streets of the City of Charleston.

"Fifth. That heretofore, to wit, on or about the 8th day of August, 1924, the plaintiff Solen Corporation was advised by the said defendant J. H. Dingle that at a meeting of the board of public service, held August 5, 1924, the city engineer was instructed to have a shed attached to the premises Nos. 168 and 170 East Bay Street in the City of Charleston hereinbefore referred to, removed by the said city engineer, if the said Solen Corporation did not remove same of its own volition by midday, Monday, August 11, 1924.

"Sixth. That the said shed so referred to has been attached to and is part of the realty of the premises Nos 168 and 170 East Bay Street extending over the sidewalk of the street now known as Vendue Range in the said City, and has been part of the said realty for approximately 45 years, during which time the city council of Charleston by its proper agents, the predecessors of these defendants, have acquiesced in the construction and maintenance of the said shed, which has now become an essential part of the said premises, and of great importance to the conduct of the business by the lessee, the said plaintiff S. Hirschmann & Son.

"Seventh. That the acquiescence of the said city is further evidenced by the action of the city engineer during the year 1920, at which time the said city engineer, the present defendant J. H. Dingle assisted and supervised plaintiffs above named in their renovation and remodeling of the said shed, at which time the said plaintiffs expended the sum of $1,500 approximately, for the purpose of sinking new posts, installing new beams and paving the sidewalk, which said paving was done pursuant to a permit duly issued

by the city authorities, and specifically supervised by the said J. H. Dingle, city engineer.

"Eighth. That the removal of the said shed at this time would work an irreparable damage to these plaintiffs above named; and furthermore that the action by the city engineer in removing said shed would be an invasion of an equitable right acquired by these plaintiffs through the many years during which the said city council by its proper agents, these defendants' predecessors, acquiesced in the construction and renovation of this shed; which said invasion and violation of the plaintiffs' right, these defendants are now threatening to accomplish.

"Wherefore plaintiffs above named pray that these defendants Jenkins M. Robertson, J. Ross Hanahan, H. M. Grimball, T. Wilbur Thornhill, Thomas P. Stoney, and J. H. Dingle, their agents and servants, be enjoined and restrained from interfering with the said shed as now placed, or removing the said shed, or in any way changing its location; and for such other and further relief as may be just and equitable."

A rule to show cause was issued. Upon the hearing of the return, the defendants interposed the following demurrer:

"The defendants above named demur to the complaint herein upon the ground that said complaint upon its face does not state sufficient facts to constitute a cause of action, in that:

"(a) Said complaint does not allege, nor do the facts stated therein show, a dedication of the street in question to plaintiff or his predecessors for the purpose of erecting and maintaining the shed in question.

"(b) Said complaint does not allege, nor do the facts stated therein show, any estoppel or facts constituting estoppel on the part of defendants to cause the shed in question to be removed.

"(c) Said complaint does not allege, nor do the facts

stated therein show, any claim of adverse possession by plaintiff against the City of Charleston, in the use of said street for the purpose of erecting and maintaining the shed in question.

"(d) Said complaint does not allege, nor do the facts stated therein show, any permission or license by the city council of Charleston to plaintiff or his predecessors for the section and maintenance of the shed in question.

"(e) The complaint shows on its face the maintenance of a nuisance *per se.*

"(f) The complaint shows on its face the erection and maintenance of an obstruction and encroachment on a public street of the City of Charleston, the use of which cannot be aliened or barred away by said city.

"(g) The complaint on its face states no equity nor facts which would entitle plaintiff to equitable relief.

"(h) The mere acquiescence on the part of the city cannot ripen into a right, legal or equitable, against the public in the use of the streets of the municipality."

After the hearing of the cause, the following order was made by the presiding Judge:

"In the above matter, upon the verified complaint of complaints (sic), I issued a rule against the defendants to show cause before me at chambers at Allendale, S. C., on August 15, 1924, why they should not be restrained and enjoined as prayed for in the complaint herein; it appearing by affidavit that there was no resident or presiding Judge in the Ninth Circuit.

"The defendants duly made return before me to the said rule, and a full hearing on both the law and the facts was had. A return was made on the law in the form of a demurrer to the complaint, and in addition a very full return was presented on the facts. As the questions involved are largely one of law, and there being no objection or motion to elect, the demurrer and the return were considered together. The allegations of the return were in

no wise controverted or denied by the complainants, so that, for the purpose of the determination of this case, the material facts are substantially admitted.

"A request was made by attorneys for complainants to refer the issues to a master, but this I declined to do.

"After hearing arguments of counsel, and upon consideration of the whole case, I am of the opinion that the demurrer to the complaint should be sustained, and, in addition, that the return made by the defendants should be adjudged complete and sufficient.

"It is therefore ordered and adjudged that the said demurrer be sustained, and that the said return be adjudged sufficient and the rule heretofore issued be forthwith dissolved and dismissed.

"And it is so ordered.

"In the event of an appeal herefrom, let further proceedings be stayed pending a determination by the Supreme Court of the question involved."

The exceptions are:

"(1) That his Honor erred in refusing to consider, in the hearing for the temporary injunction, the letter from East Bay merchants to the plaintiff S. Hirschmann & Son, and the petition of East Bay merchants to city council, which letters and petition were offered for the purpose of showing what, in the opinion of merchants similarly situated to the plaintiff S. Hirschmann & Son, would be the manifest injustice worked by the threatened action of city council, for the reason that, the statutory period having run, the plaintiffs were entitled to the issuance of a restraining order, if, in the light of all the facts, the trial Judge could see that a manifest injustice would be done, and the evidence so tendered had direct bearing upon the question of manifest injustice.

"(2) That his Honor erred in refusing to order a hearing, or some form of inquiry into the facts surrounding the threatened action of city council, for the reason that, the

statutory period having run, the plaintiffs were entitled to a permanent restraining order, if in the light of all the facts the trial Judge should decide a manifest injustice would be done, and the only way to determine the question of whether manifest injustice was being done in the light of all the existing facts was to order an inquiry.

"(3) That his Honor erred in refusing plaintiff's motion for a restraining order based on the ground that, although the statute commonly would not run against the city so as to confer title upon an individual by adverse possession, still, where the statutory period has run as in this case, accompanied by the circumstances set forth, it was inequitable that the public should assert its right to regain possession, and upon the principle of estoppel the injunction should have been granted, and, if the Court was not satisfied as to the truth of the circumstances set forth, then at least until after such truth had been ascertained or disproved.

"(4) That his Honor erred in refusing plaintiffs' motion for a restraining order based on the ground that, although the statute commonly would not run against the Ctiy so as to confer title upon an individual by adverse possession, still the statute could run and does run in this case for the purpose of allowing an individual to acquire a prescriptive right to maintain a shed which has been located as this one has for more than 40 years, to deny the individual's right to maintain which the City is now estopped.

"(5) That his Honor erred in sustaining the demurrer to the complaint; the error being that the complaint stated facts sufficient to constitute a cause of action entitling plaintiffs to equitable relief, the final determination of which would not and should not have been made until a full hearing into the facts had been had."

It will be observed that the defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The order appealed from sustained the demurrer, and properly so. The complaint

alleged acquiescence. In order for a use to ripen into a right, the use must be adverse, and there is no allegation of adverse use. No valid judgment, therefore, can be based upon it, except to dismiss the complaint. The adjudication based upon the return and answer are of course inoperative.

The appeal is dismissed.

MR. JUSTICE WATTS concurs.

MR. JUSTICE MARION concurs in result. MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN (dissenting). While it was entirely proper for Judge Johnson to consider the several points raised by the defendants in their demurrer to the complaint, I do not think that, upon a rule to show cause why the temporary injunction should be dissolved and an injunction *pendente lite* be issued, it was within his jurisdiction at chambers in another county, to sustain the demurrer, the effect of which was to dismiss the complaint. This cannot be done at chambers (*Dallas v. Inman,* 107 S. C., 402; 93 S. E., 8. *Kinder v. Atlantic Coast Lumber Corp.,* 107 S. C., 404; 93 S. E., 7) except under Section 35, Code of Civ. Proc., 1922, upon 10 days' notice, and within the judicial Circuit.

I think, moreover, that the complaint stated grounds for equitable relief, based upon sufficiently close legal grounds as to justify an injunction *pendente lite,* until a decision in the course upon the merits of the demurrer and of the case may be had.