## 11819

### EVANS v. TOWN OF EDGEFIELD

(129 S. E., 207)

1. INJUNCTION—COURT HELD WITHOUT JURISDICTION TO HEAR MATTER ON RETURN TO ORDER TO SHOW CAUSE.—In suit to enjoin city from entering upon or condemning land for street purposes, where no answer to summons or complaint had been made, nor case docketed at time of hearing on order to show cause why temporary injunction should not be made permanent, Court was without jurisdiction to hear matter.

2. INJUNCTION—RETURN TO ORDER TO SHOW CAUSE HELD TO RAISE ISSUE OF FACT RENDERING ERRONEOUS COURT'S REFUSAL TO PERMIT TRAVERSE OF ISSUES.—Return to order to show cause why temporary injunction in suit to enjoin city from entering upon or condemning land for street purposes should not be made permanent *held* to raise issue of fact determinable only by testimony, so that it was error for Court to refuse to permit traverse of issues and to dismiss rule.

3. EMINENT DOMAIN—COMPLAINT HELD TO RAISE EQUITABLE ISSUE, MAKING COURT'S DISSOLUTION OF RESTRAINING ORDER AND DISMISSAL OF COMPLAINT ERRONEOUS.—Complaint in suit to enjoin city from entering upon or condemning land for street purposes *held* to raise issue wherein equity was involved, and Court's action in dissolving restraining order and dismissing rule to show cause and complaint was erroneous.

4. JUDGES—SPECIAL JUDGE, WHOSE COMMISSION IS LIMITED TO PARTICULAR COUNTY, IS WITHOUT JURISDICTION TO HEAR MATTERS ARISING ELSEWHERE IN CIRCUIT.—Regardless of whether Governor, under Code Civ. Proc. 1922, § 42, has power to appoint a special judge to hold regular term of Court for a given county, a special judge, whose commission is limited to particular county, has no jurisdiction to try matters arising elsewhere in circuit, notwithstanding Section 36.

Before THOS. F. McDow, Special Judge, Lexington, November, 1924. Reversed.

Suit by Mary M. Evans against the Town of Edgefield. On hearing on return to order to show cause why temporary injunction should not be made permanent, restraining order was dissolved and the complaint dismissed and the plaintiff appeals.

The following is the complaint, the return to the rule and the plaintiff's third and fourth exceptions, all referred to in the opinion:

### COMPLAINT

The complaint of the undersigned plaintiff respectfully shows to this Honorable Court:

(1) That the plaintiff is the owner of certain real property in the Town of Edgefield, S. C., and that she is a resident and taxpayer of the said town. That the defendant, Town of Edgefield, S. C., is a municipal corporation, duly chartered and existing by and under the laws of the State of South Carolina.

(2) That the plaintiff is informed and believes that the said Town of Edgefield, S. C., is now about to enter upon her property, situate in said town, by its agents and servants, and to confiscate the same for use and purpose of opening a street or highway, without due process of law, or just and reasonable compensation for the said land. That the said Town of Edgefield, S. C., has had served upon the plaintiff a notice of condemnation of her property, and commanding and requiring her to name six freeholders to assess the value of the said land, although she has not refused to sell, and has made an offer of sale to the said town of the said property at a price that is reasonable and just; that the said offer has been refused by the Town Council of the said town, but they have refused to make to her any offer of purchase whatsoever; that the price offered to the said town was the same that has been heretofore offered by other parties to the plaintiff for the said land.

(3) That if the said Town Council, by its agents or servants, are permitted to enter upon, take or confiscate the said land of the plaintiff, as stated in the said notice of condemnation, that she will suffer irreparable injury, and be greatly damaged therefrom, and made to suffer the loss of her land, and be deprived of her rights as a citizen and taxpayer of the said Town and State.

Wherefore, the plaintiff prays that the said defendant, Town of Edgefield,. S. C., be forthwith enjoined from entering upon the premises of the plaintiff, and the Town Council, their agents and servants, be restrained and enjoined from entering upon and taking the said land, making use of or interfering with the rights and privileges of the plaintiff or her privies, until the further order of this Honorable Court, and for such other and further order as this Court may seem meet and proper in the premises.

## RETURN TO RULE

For a return to the rule to show cause in the above matter, the defendant alleges:

(1) That there is no equity in the position of the plaintiff, and that she has a full and adequate remedy at law.

(2) That the defendant admits Paragraph 1 and Paragraph 2 of the complaint.

(3) The defendant denies that it is about to enter upon the property of the plaintiff and to confiscate the same for use and purpose of opening a street without due process of law and just and reasonable compensation, but in reference thereto this defendant shows to the Court that it is necessary to open a street over the land of the plaintiff herein, and that when it was ascertained that the same was necessary, this defendant went to see the said plaintiff in reference to acquiring the said land or right of way, but that the said plaintiff refused to sell the same, and even refused to allow the engineer employed by the said town to go upon th premises to make a survey, whereupon a notice was served upon the plaintiff by the said defendant on the 17th day of October, 1924, appointing commissioners to assess damages to the said premises and to fix the compensation therefor, and requiring the said plaintiff to appoint like commissioners on her part, and that a copy of the said notice is attached hereto and made a part of this return; and that thereafter the said plaintiff made an offer to sell the

said right of way to this defendant for the sum of $2,500, which offer was turned down by this defendant on account of being unreasonable.

(4) That the said defendant under the laws of this State is empowered, when it deems expedient to widen, open, lay out, extend or establish any street or road, and it has the right to purchase the land necessary for such street or road; and in case any owner or owners of the said land shall refuse to sell the same, or shall demand what may be deemed by the said defendant an unreasonable price, then the said defendant has a right to nominate six freeholders, who shall meet an equal number to be named by the landowner, to determine and fix upon the true and real value of such land and any damage thereto, and in case the said landowner shall desire to appeal to a higher Court, such right is provided by law for the said landowner; and that this proceeding has been followed by this defendant, and defendant submits that the plaintiff, if entitled to any relief, which it denies, has a full, complete, adequate, and exclusive remedy for the alleged acts complained of under the provisions of law above cited.

(5) That this defendant denies that the plaintiff will suffer irreparable injury or that she will be greatly damaged, but that, on the other hand, her property will be greatly improved and will increase in value.

(6) That it is absolutely necessary to run the said road or street on the lands of the plaintiff, and that the said road is for the benefit of the public and is being built under government specifications, and under the present program of road building the said road or street will be eventually a hard surface street or road, and it is necessary for the defendant to follow the route across the land of the plaintiff in order to participate in government aid, and if the said defendant is enjoined from thus building the said road or street it will suffer great financial loss and will be forced to change the entire route of the said road which it has

constructed up to the lands of the plaintiff at great expense.

(7) That it is not essential to the protection of plaintiff's rights that injunction be granted, and that the complaint does not state sufficient facts to warrant an injunction.

Wherefore, defendant prays that the temporary restraining order be dismissed, and that the plaintiff be forced to comply with the notice served upon her in this action.

T. B. GRENEKER,
Defendant's Attorney.

### PLAINTIFF'S EXCEPTIONS

Third. Because the Special Judge erred in holding that the return to the rule was sufficient, when the said return raised an issue of fact to be determined by testimony, and his refusal to allow the appellant to traverse the issues so raised, thus depriving the appellant of her constitutional right to trial, it was error to dismiss the rule.

Fourth. Because the Special Judge erred in holding that the complaint was not an issue wherein equity was involved and dissolving the restraining order, dismissing the rule to show cause, and dismissing the complaint; when he should have held that it was purely an equitable issue, the return raising an issue of fact to be determined by testimony, and referring the matter to the Master of Edgefield County to take the testimony on the merits of the case and report the same to the Court for determination.

*Mr. Barnard B. Evans,* for appellant, cites: *Eminent domain:* Civ. Code 1922, Sec. 4499; Const. of 1895, Art. 1, Sec. 17. *Condemnation:* Const. of 1895, Art. 9, Sec. 20; 66 S. C., 438. *Jurisdiction of Special Judge:* Code Civ. Proc. 1922, Secs. 42 and 66; 46 S. C., 149; 126 S. C., 64. *Dissolution of temporary injunction:* 54 S. C., 437; 54 S. C., 457; 67 S. C., 84; 69 S. C., 56; 69 S. C., 159; 88 S. C., 478. *Action to contest right to institute condemnation proceedings:* 73 S. C., 554. *Damages al-*

*lowable in injunction proceeding:* 79 S. C., 267; 7 L. R. A., Note 58. *Traverse of return to rule:* 86 S. C., 405; 94 S. C., 203; 96 S. C., 28.

*Mr. T. B. Greneker,* for respondent, cites: *Eminent domain:* Civ. Code 1922, Sec. 4499. *Condemnation:* Civ. Code 1922, Sec. 4500. *Object of statute:* 64 S. C., 438. *Remedy of statute exclusive:* 53 S. C., 579; 47 S. C., 484; 74 S. C., 539; 88 S. C., 118; Dillon on Municipal Corporations, Sec. 992. *No injunction against special statutory proceeding:* 53 S. C., 577; 47 S. C., 484; 64 S. C., 457; 64 S. C., 440; 74 S. C., 339; 88 S. C., 118; 9 S. C., 308; High on Injunction, Sec. 31; 14 R. C. L., 407. *Prerequisites to injunction:* 87 S. C., 568; 81 S. C., 392; 88 S. C.; 118; 14 R. C. L., 346. *Injunction against condemnation:* 86 S. C., 396; 71 S. C., 482; 73 S. C., 550; 94 S. C., 199. *Injunction bond:* 96 S. C., 147; 94 S. C., 199; 73 S. C., 550.

August 13, 1925.

The opinion of the Court was delivered by Mr. Justice Watts.

This action was commenced on October 28, 1924, by the service of a summons and complaint on the respondent by the appellant, in response to a notice served on her by the respondent condemning her land in the Town of Edgefield for a right of way for a public street.

Application for an injunction and a restraining order was made before Hon. J. W. DeVore at his chambers, who issued an order restraining and enjoining the respondent, and requiring it to show cause, if any it could, why the same should not be made permanent, returnable before the presiding Judge at Lexington, S. C., November 10, 1924. At the hearing at Lexington there appeared a Special Judge to hold the Court for that County, and his commission from the Governor stated, with powers for that County only. Appellant objected to the jurisdic-

tion of the Court; the Special Judge held that he had jurisdiction, and heard the case. He held the return sufficient, dissolved the injunction, and dismissed the summons and complaint, although the venue was for Edgefield County. No answer has been made to the summons and complaint, the case had not been docketed in Edgefield County or Lexington County, the Special Judge, therefore, was without jurisdiction to hear the matter.

Notice of appeal to this Court was duly served upon the respondent, and has been filed with the Clerk of this Court.

2, 3    Exceptions 3 and 4 must be sustained under the authorities of *Dallas et al. v. Inman et al.,* 107 S. C., 402; 93 S. E., 8; and *Kinder v. Atlantic Coast Lumber Corporation et al.,* 107 S. C., 404; 93 S. E., 7, and the order appealed from is reversed.

MESSRS. JUSTICES COTHRAN and MARION, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY disqualified.

MR. JUSTICE COTHRAN (concurring): I concur in the opinion of Mr. Justice Watts holding that the Special Judge, Hon. Thos. F. McDow, was without jurisdiction at chambers to dismiss the complaint, under the authority of the cases of *Dallas v. Inman,* 107 S. C., 402; 93 S. E., 8; and *Kinder v. Atlantic Coast Lumber Corporation,* 107 S. C., 404; 93 S. E., 7, cited in the opinion.

4    But there is an important question raised by the exceptions which is of general interest and should be decided. The decision of that question renders a decision of the propriety of revoking the temporary restraining order and refusing an injunction *pendente lite* unnecessary, if not improper—matters not touched upon in the leading opinion.

The Town of Edgefield proposed to open a street through the property of the plaintiff, and in October, 1924, served upon her a notice stating that the town required a right of way for a public street over her land, particularly describing

the direction and extent of the proposed acquisition, naming six commissioners appointed by the town to assess the damages, inviting her to make a similar appointment within ten days, and notifying her upon her neglect or refusal to do so the commissioners appointed by the town would proceed with the assessment.

Immediately thereafter, on October 28, 1924, the plaintiff instituted this action to enjoin the town from proceeding with the proposed condemnation. The grounds of her objection are stated in the most general terms, of confiscation, taking of property without due process of law, irreparable injury, damage, loss of land, and deprivation of her rights as citizen and taxpayer. She alleges in her complaint that she has made a reasonable offer of sale to the town, which has been refused.

Upon the verified complaint, his Honor, Judge DeVore, Circuit Judge of that circuit, on October 28, 1924, issued a rule requiring the Town of Edgefield to show cause "before the presiding Judge of the Court of Common Pleas in and for Lexington County, S. C., at Lexington Court House, said State, at 10:00 o'clock a. m., or as soon thereafter as counsel could be heard, on the 10th day of November, 1924," why an injunction *pendente lite* should not be issued as prayed for, and restraining the town, in the meantime, from prosecuting the condemnation proceedings. This order was signed upon application of counsel for the plaintiff.

The rule was made returnable before the presiding Judge of the regular term of the Court of Common Pleas for Lexington County at Lexington, which County is in the same judicial circuit as Edgefield. On account of the death of Hon. I. W. Bowman, Circuit Judge, who had been assigned to hold said regular term, the Governor appointed Hon. Thos. F. McDow "Special Judge to hold the Court of Common Pleas at Lexington, beginning November 10, 1924, vice Judge I. W. Bowman, deceased."

The counsel for the plaintiff made return to the rule, and appeared upon the day appointed at Lexington before Special Judge McDow. He objected to the jurisdiction of the Special Judge to hear the matter upon the ground that his jurisdiction was limited to matters within the bounds of Lexington County. The objection was overruled; the Special Judge proceeded to hear the matter, and on November 12, 1924, filed a decree adjudging that the return was sufficient, revoking the temporary restraining order of Judge DeVore, and dismissing the complaint.

In view of the provisions of Section 42, Code Civ. Proc. 1922, it is questionable whether the Governor has the power to appoint a Special Judge to hold the regular term of the Court for a given county. It provides that:

"Whenever any Circuit Judge, pending his assignment to hold the Courts of any circuit, shall die, * * * in the event that there be no other Circuit Judge disengaged, then the Governor * * * shall immediately commission as Special Judge such persons [person?] learned in the law as shall be recommended to hold the Courts of such circuit. * * * "

It appears that in such case the appointment can be made only for the Courts of the circuit, and not for the Court of a particular county. *Quaere de hoc.*

It is clear, however, that if the appointment be valid for the Court of a particular county, the jurisdiction of a Special Judge is not more extensive than that of a Special Judge to hold a special term of Court for such county. The jurisdiction of Special Judge McDow in this case, to hear matters not within the jurisdiction of the Court of Common Pleas for Lexington County, could only be sustained, if at all, under Section 36, which provides:

"Every Judge [regular or special, I interpolate] while holding the Circuit Court for any circuit pursuant to the provisions of the law of this State, shall be invested with powers equal to those of the Judge of such circuit. * * * "

If Judge Bowman, who had been assigned to hold the courts of the Eleventh Circuit had been on duty, he could have heard the matter; if a Special Judge had been appointed in his place to hold the courts of the circuit, he could have heard it; but Special Judge McDow was neither the resident Judge, nor the assigned presiding regular Judge, nor a Special Judge appointed to hold the courts of the circuit.

I think, therefore, that Special Judge McDow was without jurisdiction to hear the matter; and that his order must be reversed and the case remanded to the Court of Common Pleas for Edgefield County for such further action as may be deemed proper, as if the matter had not been brought before the Special Judge at all.

MESSRS. JUSTICES WATTS and MARION, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.