12998

COOKE v. STATE HIGHWAY DEPARTMENT

(155 S. E., 228)

August, 1930.

*Messrs. John M. Daniel, Attorney General, Cordie Page* and *J. Ivey Humphrey, Assistant Attorney Generals,* for appellant,

*Messrs. Hinds & Meadors,* for respondent,

October 9, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The respondent instituted action in the Court of Common Pleas for Williamsburg County, seeking to enjoin permanently the State Highway Department from carrying out its plans for relocating and paving 2.8 miles of State Highway No. 26, near the Town of Andrews.

On June 27, 1930, his Honor, Judge John S. Wilson, on the application of the respondent, made an order requiring the appellant to show cause on July 11, 1930, why it "should not during the pendency of this action be enjoined and restrained from changing the location of Route 26 in the manner proposed, as in said papers mentioned and set forth, and from entering upon plaintiff's tract of land described in said complaint for the purpose of constructing a hard-surface road along the proposed new route across plaintiff's land or for any other purpose whatsoever."

The order mentioned also provided that condemnation proceedings on the part of the appellant for the condemnation of a right of way across the respondent's land should in the meantime be stayed.

In obedience to the rule to show cause, appellant made return and answer thereto. The matter then came before Judge Wilson for hearing on August —, 1930. Upon hearing and considering all affidavits offered by both parties, Judge Wilson granted an injunction *pendente lite*. The respondent was required to enter into a written undertaking, with sufficient surety, in the sum of $250.00, to the effect

that she would pay damages sustained by the appellant, if any.

From the last order of Judge Wilson, the state highway department has appealed to this Court on four exceptions. Two of these charge error on the part of the Circuit Judge in enjoining the relocating and paving of the section of the road involved. One charges error in enjoining the condemnation proceedings affecting the right-of-way over respondent's land. The other exception complains at the smallness of the bond required.

The appellant depends upon three cases recently decided by this Court to sustain its position that the Circuit Judge was in error in enjoining the state highway department from relocating the highway referred to in the pleadings. Those cases are *Boykin v. State Highway Department,* 146 S. C., 483, 144 S. E., 227; *Hargrove v. Sawyer,* 149 S. C., 79, 146 S. E., 685; and *Sloan v. State Highway Department,* 150 S. C., 337, 148 S. E., 183. If the case were here on its full merits, the cases cited would be applicable. Those cases were heard by this Court in its original jurisdiction, and in each of them we passed directly upon the facts in the respective cases.

But this case is not before us on its merits. We think the real question for our determination is whether or not there was error on the part of the Circuit Judge in granting the injunction *pendente lite.* Under the showing made before him, we are not able to so hold. See *Garlington v. Copeland,* 25 S. C., 41; *Sease v. Dobson,* 34 S. C., 345, 13 S. E., 530; *South Carolina & G. R. Co. v. East Shore Terminal Co.,* 48 S. C., 315, 26 S. E., 613; *Seabrook v. Mostowitz,* 51 S. C., 436, 29 S. E., 202; *Alston v. Limehouse,* 60 S. C., 559, 39 S. E., 188; *Northwestern R. Co. v. Colclough,* 84 S. C., 37, 65 S. E., 950; *Lucius v. DuBose,* 114 S. C., 375, 103 S. E., 759; *Dallas v. Inman,* 107 S. C., 403, 93 S. E., 8; *Kinder v. Atlantic Coast Lum-*

*ber Corporation,* 107 S. C., 404, 93 S. E., 7; *Evans v. Town of Edgefield,* 132 S. C., 380, 129 S. E., 207.

Since the cause may come back to this Court after a determination of the merits in the lower Court, we prefer not to enter into a discussion of the facts developed in the hearing before Judge Wilson.

The bond required of the appellant may appear small. We find nothing in the record, however, to show what damages, if any, may be sustained by the appellant, if the decision of the Court is finally in its favor In the absence of any such showing, we would not feel justified in increasing the amount of the bond required, for we must presume that the Circuit Judge had good and sufficient reasons for naming the amount fixed by him.

The order appealed from is affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.

MR. CHIEF JUSTICE WATTS did not participate.