## 11957

### GASTON v. STATE HIGHWAY DEPARTMENT

#### (132 S. E., 680)

1. HIGHWAYS—CITIZENS AND TAXPAYERS MAY MAINTAIN ACTION AGAINST STATE HIGHWAY DEPARTMENT TO ENJOIN CONSTRUCTING PROPOSED ROAD, WITHOUT ALLEGING SPECIAL OR PECULIAR INJURY TO THEMSELVES—Citizens and taxpayers within county have legal capacity to bring action to enjoin State Highway Department from constructing proposed hard-surface road, without having alleged special or peculiar damage to themselves.

2. HIGHWAYS—PETITION, IN ACTION TO ENJOIN STATE HIGHWAY DEPARTMENT FROM CONSTRUCTING ROAD, ALLEGING SUCH RECKLESS EXPENDITURE OF PUBLIC FUNDS, IN VIOLATION OF LAW, AS WILL BRING IRREPARABLE INJURY TO CITIZENS AND TAXPAYERS, HELD TO STATE CAUSE OF ACTION.—Petition, in action to enjoin State Highway Department from constructing proposed road, alleging defendant is about to engage in reckless and extravagant expenditure of public funds in violation of law, such as will bring irreparable injury to petitioners and others as citizens and taxpayers of the State, *held* to state a cause of action.

3. HIGHWAYS—NEITHER HIGHWAY DEPARTMENT NOR COURTS HAVE ANY AUTHORITY TO VARY TERMS OF STATUTE PROVIDING FOR CONSTRUCTION

OF ROADS, WHERE LANGUAGE IS CLEAR AND CERTAIN AS TO ROUTES TO BE FOLLOWED (ACT MARCH 21, 1924 [33 ST. AT LARGE, P. 1193]).— Where language of Act March 21, 1924 (33 St. at Large, p. 1193), providing for system of highways, and defining and describing such roads, is clear and certain as to routes to be followed, State Highway Department is bound to conform to terms of statute, which neither Highway Department nor Courts themselves have any authority to vary.

4. HIGHWAYS—LAW PROVIDING FOR SYSTEM OF HIGHWAYS DOES NOT REQUIRE STATE HIGHWAY DEPARTMENT TO SECURE FEDERAL AID FOR HIGHWAYS DESIGNATED THEREIN, BUT ONLY TO USE FEDERAL AID WHEN AVAILABLE (ACT MARCH 21, 1924 [33 ST. AT LARGE, P. 1193]). —Act March 21, 1924 (33 St. at Large, p. 1193), providing for system of highways, does not require State Highway Department to secure Federal Aid for construction of any highway designated therein, but only to use such Federal Aid when it is available.

5. STATUTES—COURTS IN CONSTRUING ACTS PRESENTING INCONSISTENCIES OR AMBIGUITIES WILL UNDERTAKE TO RECONCILE THEM SO AS TO GIVE WORDS USED ORDINARY, EVERYDAY MEANING.—Where an act or any part of it presents inconsistencies or ambiguities appearing from language itself in relation to physical facts of case, Courts in construing it will undertake to reconcile such inconsistencies or ambiguities if possible, and in so doing will give to words used their ordinary, everyday meaning.

6. HIGHWAYS—STATE HIGHWAY DEPARTMENT MAY USE ITS DISCRETION IN DETERMINING LOCATION OF PARTICULAR ROUTE, WHICH IS NOT DEFINITELY DETERMINED IN ACT PROVIDING FOR SYSTEM OF HIGHWAYS (ACT MARCH 21, 1924 [33 ST. AT LARGE, P. 1193]).—Where Act March 21, 1924 (33 St. at Large, p. 1193), providing for system of highways, is ambiguous as to route certain highway should travel, the State Highway Department may exercise its discretion in determining location of such particular route, and Courts will not interfere where such discretion is not abused.

7. HIGHWAYS—STATE HIGHWAY DEPARTMENT HELD NOT TO HAVE ABUSED ITS DISCRETION IN LOCATING HIGHWAY FOLLOWING POINTS DESIGNATED IN ACT AUTHORIZING CONSTRUCTION, THOUGH ALLEGED NOT TO HAVE FOLLOWED ROUTE DESIGNATED THEREIN (ACT MARCH 21, 1924 [33 ST. AT LARGE, P. 1193]).—State Highway Department held not to have abused its discretion in locating state highway so as to touch all points designated in Act March 21, 1924 (33 St. at Large, p. 1198), providing for its construction, although alleged to have not followed particular route named therein.

Original action by J. W. Gaston and others, suing on behalf of themselves and other citizens, property owners, and

taxpayers against the State Highway Department of South Carolina.    Petition dismissed.

*Messrs. Bomar, Osborne & Brown,* for petitioners, cite: *Private citizen may have injunction against improper acts of public authorities injuring taxpayers generally:* 97 S. C., 5; 73 S. C., 411; 33 S. C., 18; 14 R. C. L., 346.  *State system of highways designated:* 33 Stat. No. 731.  *Highway Department without authority to lay out new road as part of state system:* 123 S. C., 368; 114 S. C., 530.

*Messrs. John M. Daniel, Attorney-General,* and *Nicholls, Wyche & Byrnes,* for defendants, cite: *Plaintiffs without legal capacity to sue:* 110 S. C., 324; 53 S. C., 575; 53 S. C., 89; 48 S. C., 559; 25 S. E., 677; 102 Ill., 379; 24 Ore., 553; 34 P., 549; 22 Cyc., 760.  *Complaint does not state facts sufficient to constitute a cause of action:* 176 U. S., 73; 139 U. S., 159; 14 R. C. L., 321.  *Highway described by statute is not highway desired by plaintiffs:* 114 S. C., 532; 36 Cyc., 1128; 25 R. C. L., 974.  *Legislature indicated routes generally:* 104 S. C., 342.  *Highway Department empowered to choose exact location of roadbeds:* 126 S. E., 747; 124 S. E., 761; 104 S. C., 342; 67 S. C., 318; 36 Cyc., 1137; 25 R. C. L., 1084.  *Granting of petition would prevent receipt of federal aid on the highway:* 123 S. C., 368; 109 S. C., 305; 105 N. Y., 573; 88 N. E., 1132; 229 U. S., 363; 33 Sup. Ct., 876; 145 N. C., 495; 59 S. E., 570; 99 Miss., 1; 54 So., 446; 62 W. Va., 7; 57 S. E., 284; 62 W. Va., 313; 58 S. E., 715. *Court will not interfere with exercise of discretion by public officials except for abuse of discretion:* 114 S. C., 525; 184 N. C., 227; 114 S. E., 172; 97 Ore., 176; 101 P., 497; 93 Md., 335; 49 A., 1; 164 Mo. App., 406; 38 Fed., 553; 74 U. S., 347; 22 Cyc., 879; Kerr on Injunctions, 2nd An. Ed., 4; High on Injunctions, 4th Ed., 1326.

April 14, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action brought in the original jurisdiction of this Court by the petitioners, suing on behalf of themselves and other citizens and taxpayers in like situation along the National Highway, on route 8, in Spartanburg County, against the State Highway Department of South Carolina, asking that the State Highway Department be enjoined from constructing and hard-surfacing a certain proposed road connecting the Town of Duncan with the City of Spartanburg, which the petitioners allege the defendant is attempting to do in violation of law, and praying for an order to compel the State Highway Department to hard-surface a certain road known as route 8, or the "lower route," connecting the Town of Duncan with the City of Spartanburg, and to keep and maintain it as a part of the highway system of the State, alleging that the law designates said route 8 as the route or way along which such highway should go.

The petition, in substance, alleges: That the State Highway Department of South Carolina is a body corporate, created and constituted under that name by the Acts of the General Assembly and charged with the power and duty of taking over, constructing, hard-surfacing, and maintaining a certain system of public highways throughout South Carolina, subject to the provisions and limitations provided by statute; that on March 21, 1924, the General Assembly passed an Act for the purpose of incorporating into a connected system certain described and specified highways in the various counties of the State, and providing for the taking over and maintenance of the said system of roads by the State Highway Department, and that the Act describes and specifies the routes to be so taken over and maintained; that as to Spartanburg County the Act specifies and describes the particular roads to be so taken over, con-

structed, hard-surfaced, maintained, etc., as a part of the said highway system, and among other roads so specified and described is the following named road, in the following language:

"Hard-Surface or Other Dependable Types. * * * National Highway from Greenville County line near Greer northeasterly on route No. 8 by way of Duncan, Tucapau, Spartanburg, Dayton, Converse and Cowpens to the Cherokee County line."

That at the time of and before the approval of the Act, there existed, and still exists, in Spartanburg County a much-traveled road, in excellent repair, leading from the Town of Duncan to the City of Spartanburg, designated as route 8, National Highway, accepted as such by the State Highway Department, and that this road is the one specified and described in the quoted language and intended by the Legislature to be taken over and maintained by the State Highway Department as part of the said connected system of highways; that in violation of the Act the State Highway Department proposes to abandon said route 8 as a part of the state highway system and to substitute therefor a new road for travel between the said points, and to designate the substituted road as route 8; that the proposed road would involve the original excavation of a new construction of several miles of entirely new road through rough territory, requiring the erection of culverts and bridges, and involving the expenditure of $200,000 or more to even grade the proposed road, which would be a useless, reckless, and an extravagant expenditure of the public funds without adequate recompense to the taxpayers and the traveling public; that the existing route 8 passes through fertile and well-settled communities, and that the petitioners and many others in like situation, being landowers and taxpayers along or near said route, or in the large territory served thereby, are vitally interested in its continued recognition and main-

tenance as a part of the permanent system of connected highways as contemplated by the Act and in its being hard-surfaced as required therein, and are vitally interested in the matter of finances that would be involved in the substitution therefor, between Duncan and Spartanburg, of another and entirely new and different road proposed to be constructed by the State Highway Department at enormous additional expense to the taxpayers; and that the petitioners and such others in like situation have no adequate remedy at law against the wrongs complained against and will suffer irreparable loss unless this Court intervenes through its equitable powers on their behalf.

Upon this verified petition Mr. Justice Cothran issued an order, directing the State Highway Department of South Carolina to appear before the Supreme Court, on the 1st day of February, 1926, to show cause why the prayer of the petition should not be granted and why the defendant should not be permanently enjoined from doing the things complained of.

The defendant appeared and demurred to the petition on two grounds: (1) That the complaint or petition does not state facts sufficient to constitute a cause of action; and (2) that the petitioners have no legal capacity to sue. The defendant also submitted, by way of return and answer, that the highway which the defendant proposes to build and hard-surface between Greer and Spartanburg—which does not follow between Duncan and Spartanburg the road contended for by the petitioners—is the highway described and defined in the statute and is in accord with the intent of the Legislature; that the highway desired by the petitioners is not the highway described in the statute, in that it does not follow the control points named, the prescribed direction, or the National Highway; that the defendant is required by the statute to secure Federal Aid in the construction and hard-surfacing of the road from Greer to Spartanburg, and

that the proposed route of the State Highway Department
has been approved by the federal authorities as a project
to receive Federal Aid, while the road contended for by the
petitioners has been disapproved as such project, and with-
out such aid the defendant cannot secure sufficient funds to
construct and hard-surface any road between Greer and
Spartanburg; that the failure of the defendant to hard-
surface the road contended for by the petitioners does not
mean that that road will be abandoned or closed; that the
highway department has discretion to locate the roads be-
tween the control points mentioned in the statute, and has
used this discretion in the construction and hard-surfacing
of highways throughout the State; and that the route pro-
posed by the defendant goes by way of Tucapau, one of the
control points named in the statute in the location of this
road, which could not be done if the contention of the peti-
tioners prevails.

The petitioners and the defendant filed a number of ex-
hibits and affidavits in support of their respective conten-
tions.

We will first consider the demurrer of the defend-
ant to the petition, considering the grounds thereof
in inverse order. The second ground of the de-
murrer is "that the petitioners have no legal capacity to
sue." This ground is overruled on the authority of
*Mauldin v. City Council of Greenville,* 11 S. E., 434; 33
S. C., 1; 8 L. R. A., 291. See, also, *Rawl v. McCown,* 81
S. E., 958; 97 S. C., 5. *Lamar v. Croft,* 53 S. E., 540;
73 S. C., 411. *Butler v. Ellerbe,* 22 S. E., 425; 44 S. C.,
276; and High on Injunctions, § 802. The defendant,
relying on the doctrine of public nuisances and wrongs,
contends that in order to maintain their action the peti-
tioners must show that they will suffer, through the actions
complained of, special or peculiar injury differing in kind,
as well as in degree, from that which the public generally

will sustain.  This doctrine, however, has no proper application to this case, and the authorities cited by the defendant are therefore not controlling.

The first ground of the demurrer, "that the petition does not state facts sufficient to constitute a cause of action," cannot be sustained.  The petitioners allege that the defendant is a body corporate of South Carolina, designated by law to do and perform certain acts and things of a public nature named in the law, and that the defendant is about to engage in the reckless and extravagant expenditure of public funds, and is acting in violation of the law, through acts of commission and omission named in the petition, and contemplates doing such things and acts, set out in the petition, as will bring irreparable injury to the petitioners and others as citizens and taxpayers of the State. A cause of action is stated, and the demurrer is overruled.

We now come to a consideration of the question on its merits.  Of recent years the building of good roads has become of increasing importance throughout the country. An ever growing population, the diversification of industry, the enlargement of the demands of civilization, and the transition from the ox cart to the motor vehicle as a means of transportation, all mark the growing necessity for the construction and maintenance of improved and adequate highways.  During recent years legislation has been enacted in this State along this line, looking to the establishment of a connected system of state highways without regard to county lines.  For that purpose the Legislature has created what is known as the State Highway Department, with certain duties and powers prescribed by law.  In 1924, the Legislature passed what is known as the "Pay-as-You-Go" Act, in which it undertook to outline a system of state highways and to provide funds for the construction and hard-surfacing of the same over a period of years. Acts of the General Assembly 1924, p. 1193.  This is the

Act the construction of which is involved in this action. The title of the Act, which is as follows, sets forth the scope and purpose of the law:

"An Act to provide for a state system of hard-surfaced, top-soil and other dependable types of highways in this State, to define and describe said roads, and to provide funds for construction, for maintenance and for reimbursements to counties in certain cases."

The Act provides, among other things, that the state highway system shall consist of highways on certain routes described and designated therein. Among the routes so designated and described for hard-surface or other dependable types of roads in Spartanburg County is:

"National Highway from Greenville County line near Greer northeasterly on route No. 8 by way of Duncan, Tucapau, Spartanburg, Dayton, Converse and Cowpens to the Cherokee County line."

Where the language of the Act under consideration is clear and certain as to the routes to be followed, etc., the State Highway Department is bound to conform to the terms of the statute, which, in such cases, neither the highway department nor the Courts themselves have any authority to vary.

The defendant lays great stress upon its contention that it is bound to build the proposed highway from Duncan to Spartanburg with Federal Aid, alleging that it is directed and required by the statute to secure Federal Aid for that purpose. There is no merit in this contention. The Act does not require the defendant to secure Federal Aid for the construction of this or any other highway designated therein, but only to use such Federal Aid when it is available.

The Legislature has the right, in providing for a system of state highways, to say just where the roads shall be built, just what kind of roads shall be constructed, how they shall

be built, etc., and when such provisions in the statute are clear and certain the highway department is bound to obey the mandate of the law.

Where an Act or any part of it, however, presents inconsistencies or ambiguities, appearing from the language itself or in relation to the physical facts of the case, the Courts, in construing it, will undertake to reconcile such inconsistencies or ambiguities, if possible, and in so doing will give to the words used in the Act their ordinary, everyday meaning, if that can be done. In this case the plats and exhibits furnished the Court by the parties to the action show that the language of the Act, referring to the route in question, is, in its application to the physical facts, ambiguous and impossible of being carried into effect.

We are confronted with this situation: The Act provides that the highway in question shall extend in a northeasterly direction from the Greenville County line at or near Greer on route No. 8 by way of Duncan and Tucapau to Spartanburg. The petitioners contend that upon reaching Duncan, route 8 extends in a southeasterly direction, and that, although Tucapau is not on such route, but is near it, the Legislature intended, from the words of the Act, that the highway should go in a southeasterly direction from Duncan, even though it does not go by way of Tucapau. The defendant contends that Tucapau is one of the control points on the route designated as route No. 8, and that the only way to comply with the intent of the Legislature is to go in a general easterly direction by way of Tucapau.

Further, there is a conflict in the record as to what is meant by the word "Tucapau" as used in the Act. The petitioners contend that it refers to a mill village, while the defendant asserts that it refers to a station on the P. & N. Railroad, the village and station being some distance apart. To the same effect are the affidavits filed by the parties to the action in support of their respective contentions.

It is apparent, therefore, that the differences and
6, 7  ambiguities referred to cannot be reconciled in de-
termining just what the Legislature intended.   We
cannot say that the Legislature meant that the highway
should go on route 8 in a southeasterly direction from Dun-
can, as contended for by the petitioners, without touching
Tucapau, when the Act specifies that the highway shall go
in a northeasterly direction by way of Tucapau.   In the
emergency created by such an ambiguity, the State High-
way Department, which is the body charged by the Legisla-
ture with the construction, maintenance, etc., of the state
highways, may exercise its discretion in determining the
location of the particular route specified in the Act; and
where such discretion is not abused, the Courts will not
interfere.   We cannot say that in this case the State High-
way Department has abused its discretion.

It follows, therefore, that the judgment of this Court is
that the prayer of the petitioners be denied, and that the
petition be dismissed.   And it is so ordered.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS
and BLEASE concur.

MR. JUSTICE COTHRAN (dissenting) :   The statute pro-
vides that the highway shall be constructed on route 8, by
way of Tucapau.   Route 8 goes by Tucapau, though not
through it.   A specific location on route 8 should control
the direction by Tucapau, even if the road cannot be said to
run by (through) Tucapau.