12504

NORTHWESTERN RAILROAD COMPANY OF SOUTH CAROLINA v. STATE HIGHWAY DEPARTMENT OF S. C.

(144 S. E., 926)

*Messrs. Purdy & Bland*, for petitioner,

*Attorney General John M. Daniel,* and *Assistant Attorney Generals Cordie Page* and *J. Ivey Humphrey,* for respondents,

September 27, 1928.

The opinion of the Court was delivered by Mr. Justice Blease.

In the "Pay-as-You-Go" Act, passed by the General Assembly in 1924 (33 St. at Large, 1193), there is contained as to roads incorporated in the State Highway System, the following provision: "Clarendon County. Hard Surface or Other Dependable Types of Roads: From Manning southeasterly on route No. 4 by way of Summerton and St Paul to the Orangeburg County line. Sumter-Kingstree road from the Sumter County line near Brogden, southeasterly by way of route No. 26 through Harvin, Alcolu, Manning, and Wilson to the Williamsburg County line. From Manning via route No. 4 to Effingham. *Road from Sumter County line, near Paxville, south through Paxville, Silver to route No. 4 at Summerton.*" We have italicized the particular language which we are asked to construe in this cause. This case is governed by the holdings made in *Gaston v. State Highway Department,* 134 S. C., 402; 132 S. E., 680, and the recent case of *Boykin v. State Highway Department,* 146 S. C., 483; 144 S. E., 227, the opinion in which was filed on July 27, 1928. In the *Boykin case,* this Court approved its former holding in the *Gaston case* as to the proper construction of the language of the "Pay-as-You-Go" Act, where it was said: "Where the language of the Act under consideration is clear and certain as to the routes to be followed, etc., the state highway department is bound to conform to the terms of the statute, which, in such cases, neither the highway department nor the Courts themselves

have any authority to vary." In the *Gaston case,* this holding was also made: "Where Act March 21, 1924 (33 St. at Large, p. 1193), providing for system of highways, is ambiguous as to route certain highway should travel, the state highway department may exercise its discretion in determining location of such particular route, and Courts will not interfere where such discretion is not abused." Syllabus. In the case at bar, the petitioner seeks to prevent the state highway department from carrying into effect its present plan of having the road from the Sumter County line, near Paxville, to connect with route No. 4 in the town of Summerton at a place other than that where the said road formerly connected with route No. 4. The petitioner contends that the old road is better, more convenient, and less dangerous than the road now located by the state highway department, and that the route proposed by the state highway department will interfere with the proper operation of its railroad. The highway department contends that the road as located by it is more convenient and safer than the old road. It appears to this Court, from an inspection of the plats submitted by the parties, that both routes are dangerous enough. It would be impossible for the Court to determine which of the two is the more dangerous. It appears that the highway department has followed the law as laid down by the Legislature, in that it has constructed a highway as directed in the "Pay-as-You-Go" Act "from Sumter County line, near Paxville, south through Paxville, [and] Silver to route No. 4 at Summerton." The General Assembly did not say which road the department should follow from the corporate limits of Summerton to route No. 4. Under the decision in the *Gaston case,* approved by the *Boykin case,* it was left to the discretion of the state highway department to determine the location of the road from the corporate limits of Summerton, so long as the department connected the highway with route No. 4. We think the wording of the Act is clear and unambiguous. Even if there is some confusion

in the language of the Act under consideration, however, and the meaning is not clear, it was within the discretion of the state highway department to do what it conceived best, so long as that discretion was not abused, as was held in the *Gaston case*. From all the affidavits and plats submitted to us, we are unable to find any abuse of discretion. It is our opinion that the petitioner is not entitled to the injunction it seeks, and it is the judgment of this Court that the relief it prays for be, and the same is hereby, denied.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.