## 12579

HARGROVE *ET AL.* v. SAWYER, CHIEF HIGHWAY COMMISSIONER, *ET AL.*

(146 S. E., 685)

*Mr. M. C. Woods,* for plaintiffs,

*Attorney General John M. Daniel,* and *Assistant Attorney Generals Cordie Page* and *J. Ivey Humphrey,* for defendants.

February 8, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is one of the several road cases brought to this Court in its original jurisdiction. The object of the action is to obtain a writ of mandamus to compel the defendants to pave and hard-surface Route No. 23 in Dillon County, between Dillon and Latta, as marked by the present roadbed; also to obtain a writ of injunction to restrain the defendants from expending public funds in the paving and hard-surfacing of any road or sections of road connecting the towns of Latta and Dillon, "other than the road designated and defined by the General Assembly."

The road in question was incorporated into the State Highway System by an Act of 1924 (33 St. at Large, 1193), generally referred to as the Pay-As-You-Go Act, and described therein as a highway to be hard-surfaced "from Latta northeasterly by way of Route No. 23 through

Dillon. * * * " The Act also provided for the continuation of this highway "from Dillon northeasterly on Route 23 to the North Carolina line." This road was afterwards made a part of the Coastal Highway System by an Act of 1926 (34 St. at Large, 1492), and is described therein as a highway to be hard-surfaced "on Route No. 23 from the North Carolina line through Dillon and Latta to the Marion County line in Dillon County."

The present road, as now and heretofore used, extends along Route 23, approximately in a southerly direction from the North Carolina line, through the upper part of Dillon County, and across that part of the Town of Dillon lying to the north of Main Street, which it intersects at right angles; from that point westerly along Main Street, across the Atlantic Coast Line Railroad, for more than two blocks; then southerly, at right angles to Main Street, along First Avenue, and out of the town in the direction of Latta, again crossing the Coast Line Railroad a short distance south of Dillon.

The State Highway Department proposes to relocate a short section of the road, so that it shall cross Main Street, instead of turning west thereon, at the point where Route 23 intersects that street on its northern side; continue along Second Avenue through that portion of the town to the south of Main Street, on the eastern side of the Coast Line Railroad; and intersect the existing highway at some distance beyond the town limits.

The plaintiffs contend that such a relocation of the road is contrary to the terms of the Acts of 1924 and 1926, and that the department is undertaking to abandon Route 23, which it has no power under the law to do. The defendants insist that the slight change made in the road at the point named does not destroy in any way the identity of Route 23; that the deviation from the old road is for a short distance only, and results in a material shortening and straightening of the road; and that greater safety is insured

in travel, by eliminating two right-angle turns and two dangerous railroad crossings; that the change is made in the exercise of the discretion vested in the department; and that, under the circumstances shown, such relocation conforms to the best engineering knowledge and skill in road construction.

An extended discussion of the questions involved in this case is unnecessary. In *Boykin v. Highway Department*, 146 S. C., 483, 144 S. E., 227, this Court discussed at some length the questions there raised with respect to the power and authority of the State Highway Department, and the discretion vested in it by law, to change or relocate highways, or sections of same, on or along routes to be taken over by it for construction and maintenance under the Act of 1924 and Acts amendatory thereto. The Court held that the department had no power to relocate routes between control points without reasonable reference to the location of the old roadbed, which is one of the controlling factors in determining the route to be followed; that, while the department is not required to follow with exactness the identical tracks of the old road, it cannot wholly abandon such road, or disregard it as a controlling factor, and thereby destroy the identity of the route designated by the Act. Construing the proviso at the end of Section 3 of the Act of 1927 (35 St. at Large, 278), as showing that the department is vested with some discretionary power and authority, in making locations of highways to be built, the Court said:

"Giving, however, to this provision of the Act of 1927 a broader construction, we think it may be held that the Legislature thereby intended to imply that the State Highway Department, in the building and construction of any highway named in the Act of 1924, or that might at any time be included in the highway system, is vested with the power and authority in its discretion to make, subject to the controlling factors indicated in the Act, as determining the

routes to be followed, such relocation of roads as will conform to the best engineering knowledge in road construction. But such relocation of the road to be constructed must be made without destroying the identity of the route designated in the Act."

See, also, *Gaston v. Highway Department,* 134 S. C., 402, 132 S. E., 680.

The principles announced in the *Gaston* and *Boykin cases* were adhered to as governing in the more recent cases of *Fairey v. Highway Commission,* 147 S. C., 97, 144 S. E., 926, and *Northwestern Railroad Co. v. State Highway Department,* 147 S. C., 100, 144 S. E., 926.

The plaintiffs say, however, that they rely upon the *Boykin* and the *Fairey cases* to sustain their position in the case at bar. We think that the facts of this case clearly differentiate it from those two cases. In the *Boykin case,* as well as in the *Fairey case,* the road proposed to be substituted for the old road, or a section of it, was at such distance from the existing road and of such length as to preclude the idea that the old roadbed was considered by the department as one of the controlling factors in determining the route to be followed, and its construction would, in fact, have destroyed the identity of the route designated by the Act. The same cannot be said of the case at bar. In this case, the road proposed to be substituted for a section of the existing road is in close proximity to the old road, and does not extend any considerable distance before again uniting with it.

Applying the principles announced in the *Boykin case* to the facts of the present case, we are satisfied that the department, in making the proposed relocation, has not abused its discretion. It is clear that, for the foregoing reasons, the plaintiffs are not entitled to the writ of injunction or to the writ of mandamus prayed for.

The writs are, therefore, denied and the complaint dismissed. And it is so ordered.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease, and Carter concur.