13082

ROBINSON v. STATE HIGHWAY DEPARTMENT

(157 S. E., 136)

March, 1930.

*Messrs. John M. Daniel, Attorney General, Cordie Page* and *J. Ivey Humphrey, Assistants Attorney General,* for appellant,

*Messrs. Dobson & Dobson* and *Mangum & Denny,* for respondent,

March 3, 1931.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The respondent obtained judgment against the appellant, in the Court of Common Pleas of Cherokee County, for

damages to his automobile, occurring in a collision with a truck of the state highway department.

The appeal is from the refusal of the presiding Judge, Honorable T. J. Mauldin, to direct a verdict in appellant's favor.

The parties agree that the action is governed by Act No. 1055 of the 1928 session of the General Assembly, entitled, "An Act to Permit the State Highway Department to be Sued and Naming the Conditions Under Which Suit May be Instituted, and Providing for Compromise or Settlement in Certain Cases." 35 Stat., 2055.

The Act (Section 1), makes the State Highway Department liable for injuries or damage to property "by reason of the negligent operation of any vehicle or motor vehicle in charge of the State Highway Department while said vehicle or motor vehicle is actually engaged in the construction or repair of any of the" state highways.

In the argument of the appellant, it is conceded that, at the time of the collision, the truck of the state highway department "was proceeding on its way between Gaffney, South Carolina, and Blacksburg, South Carolina, *carrying employees of the State Highway Department to their place of work* on one of the State Highways beyond the Town of Blacksburg." (Emphasis ours.)

The position of the appellant is that at the time of the collision the truck of the department was not *actually engaged in the construction or repair* of a state highway. The presiding Judge ruled that the evidence was sufficient to carry the case to the jury on that question.

The case turns upon the meaning of the words "actually engaged" as they are used in the Act. Those words have been defined often and variously by many Courts. The decisions, however, are not particularly helpful, for in every instance the definition given depended upon varied circumstances and many other words used along with them. We

are impressed with the definition given in *Re Strawbridge*, 39 Ala., 368 (referred to in note 98, 1 C. J., 1187), where the Court said: "The words 'actually engaged,' in common parlance mean 'really, or truly engaged'—engaged 'in fact,' and, according to the same law of common use, are the opposite or antithesis of 'seemingly,' or 'pretendedly,' or 'feignedly engaged.'"

If the truck had been carrying sand to be used in the construction or repair of a state highway from a point one hundred feet distant from the highway, would it not have been "actually engaged in the construction or repair" of the highway? We think so. If it had been carrying employees from that same point to place that sand, would it not have been so "actually engaged?" We think so.

If the truck had been carrying sand from Gaffney to a highway near Blacksburg to be placed on the highway, would it not have been "actually engaged in the construction or repair" of the highway? We think so.

The employees were necessary in the work of construction or repair, else the department would not have found it necessary to transport them to the place where the work was done. The employees had to be at the place of work. The department used its truck to convey the employees from Gaffney to the highway near Blacksburg that they might there do the work of repair which was going on.

The construction contended for by the appellant is, in our opinion, too narrow. The Circuit Judge was right in submitting the case to the jury.

The judgment below is affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE concur.