13263

FANT *ET AL. v.* STATE HIGHWAY DEPARTMENT *ET AL.*

(162 S. E., 262)

*Mr. A. H. Dagnall,* for plaintiffs,

*Messrs. John M. Daniel, Attorney General, Cordie Page, Assistant Attorney General* and *Harold Major,* for defendants,

November 2, 1931.

The opinion of the Court was delivered by Mr. Chief Justice Blease.

This is an action by the plaintiffs for the purposes, as set forth in the "Statement" of their counsel, "to enjoin the State Highway Department from changing U. S. Route No. 29, a highway in the state highway system, by entering the City of Anderson on Sayre Street, which would destroy the identity of said highway, U. S. Route No. 29, and also to enjoin the State Highway Department from laying out, grading and paving a highway and constructing an underpass, in the City of Anderson."

The defendants, in their return, admit that they propose, and are undertaking, to make the changes in the highway, as alleged by the plaintiffs, but say in defense that it is within their province, under the law, so to do.

The matters involved are of considerable public importance, and the case should be decided as quickly as possible, since the State Highway Department is ready to proceed with the work it proposes to do. For that reason, while we have given the case careful consideration, we dispose of it as early as we can, and, necessarily, the opinion must be brief.

The first reason for the asking of the injunction is the allegation that the defendants, in changing and relocating the highway adjacent to and in the City of Anderson, are practically destroying the identity of United States Route No. 29 by running the highway through and on Sayre Street instead of through and on South Main Street extension, where formerly it has been located. The point is made that the defendants, in laying out the proposed highway, are doing so without reasonable reference to the

location of the present roadbed as one of the controlling factors in determining the route to be followed.

It is conceded by the plaintiffs that their cause, to be sustained, must come within the principles announced by this Court in the case of *Boykin et al. v. State Highway Department,* 146 S. C., 483, 144 S. E., 227, 231. They depend mainly upon this language from the opinion in that case: "The present roadbed, as we have indicated, is a controlling factor in determining the route to be followed in the construction of the highway directed to be built; and while the department is not required to follow with exactness the identical tracks of the present road, the old roadbed must be considered as such factor. If it is disregarded as such factor, or wholly abandoned, the route designated in the act loses its identity, and the provision designating it is rendered of no effect. Reasonable reference to the old roadbed must be had in determining the route to be followed."

In .the *Boykin case,* the Court had under consideration the construction of the "Pay-As-You-Go Act," No. 731 of 1924 (33 Stats., 1193), with particular reference to some of the language of that Act. Incidentally, there was considered also Act No. 171 of 1927 (35 Stats., 278), as to the authority of the State Highway Commission, in the building of the State highway system of roads, to relocate certain roads and to abandon the old roadbeds where relocations were made, and ratifying certain additions to the state highway system of roads theretofore made by the State Highway Department. Those two Acts are to be considered in the present cause. Along with them, we have examined all the other Acts in relation to the general subject, and particularly those with reference to the roads in Anderson County included in the State highway system. Those are: Act No. 602 of 1920 (31 Stats., 1072), creating the State Highway Department and defining its authority, duties, etc., No. 150 of 1925 (34 Stats., 213), and No. 692 of 1928 (35 Stats., 1269). (These last two are amendatory of the "Pay-

As-You-Go Act" as to Anderson County.) In connection with Act No. 171 of 1927, we have also examined the editorial note appearing in the proposed Code of 1932, Volume 3, p. 1980 *et seq.,* which gives the information as to the highways referred to in the Act.

As we understand it, the highway known as United States Route 29 is now also known as State Highway No. 29, formerly known as State Highway No. 8. The highway affected here we understand to be the one adopted by the State Highway Commission in August, 1920, as a highway from "Anderson to Savannah River towards Athens, Ga." (See editorial note at page 1980, Vol. 3, proposed Code of 1932, in Subdivision 4 relating to Anderson County.) This road, in all probability, is the one referred to in Act No. 150 of 1925, where the State Highway Commission was given the right, in building a highway from the City of Anderson to the Georgia-South Carolina state line, to adopt any route it thought wise in order to avoid connection with Alford's Bridge over the Savannah River, on account of the alleged excessive toll rate charged travelers for crossing that bridge. The State Highway Department had the authority to include that road as a part of the State highway system of highways by the terms of Act No. 602 of 1920, whereby the State Highway Department was created, and, under the Act of 1927, that highway was declared a part and parcel of the State highway system.

Following the principles declared in the *Boykin case,* nevertheless, we are unable to find anything in any language of the statutes which we have examined which makes the roadbed of old State Highway No. 8, now State Highway No. 29, known as United States Route No. 29, such a controlling factor in the location and building of the highway as would require the State Highway Department and its officials to follow the former or present roadbed. Under the *Boykin case,* unless the roadbed is a controlling factor, the State Highway Department does not have to follow it. See,

also, *Gaston v. State Highway Department,* 134 S. C., 402, 132 S. E., 680; *Hargrove v. Sawyer,* 149 S. C., 79, 146 S. E., 685; and *Sloan v. Highway Department,* 150 S. C., 337, 148 S. E., 183. We are constrained to hold, therefore, that the defendants have the right to adopt and include, in the manner and on the terms required by law, the road proposed to be adopted and included by them in the State highway involved in this action.

While the defendants may change in the City of Anderson the highway as they propose to do, and they may take charge of that part of the highway in the manner required by law, this does not mean that they have the right to expend State highway funds for the paving of the portion of the highway in the City of Anderson. To that extent we feel we must sustain the position of the plaintiffs, and we have adopted almost verbatim the argument of their learned counsel thereabout.

Municipalities are given the sole right to lay out and construct roads and streets within their limits. Section 2947, Vol. 3, Civil Code, 1922, authorizes the county board of commissioners, in the event that the municipal authorities fail in their duty, to take charge of the roads within such municipality. In the year 1920 (31 Stats., 1075, § 8), the highway commission was granted authority to maintain highways through municipalities of less than one thousand inhabitants. In 1922 (32 Stats., 962), this authority was increased to include municipalities of 2,500 inhabitants. In 1924 (33 Stats., 1121), the highway commission was "authorized, empowered and directed to work all streets leading through municipalities of less than two thousand five hundred (2,500) inhabitants that constitute or are a part of the said highway system of roads and highways." It will be seen that the defendants have no authority by the Acts of 1920, 1922, and 1924 to pave roads, even in municipalities of less than 2,500 inhabitants. The statutes only give the authority "to work all streets," which roads or streets are a part of the

State highway system, leading through such municipalities. There may be in some of the legislative enactments, pertaining to the State highway system and the power of the State Highway Department to construct highways, special authority permitting the paving of roads and streets by the State Highway Department in municipalities of under, and even more than, 2,500 inhabitants, but no enactment giving such authority as to the City of Anderson has been cited to us. It is too clear for argument that the defendants, in the instant case, have no authority to spend any of its funds in the City of Anderson, this being a municipality of over 2,-500 inhabitants. Practically, the identical question has been decided by our Supreme Court in a well-considered opinion in the case of *Martin v. Saye*, 147 S. C., 433, 145 S. E., 186. The commission, being a creature of statute, can only exercise the authority and power given it by the statute. Merely because the statute does not prohibit the defendant from doing certain things furnishes no argument that it is permitted to do them. *Martin v. Saye, supra.*

We have not been cited to any statute which, in our opinion, has affected the holding of this Court in *Martin v. Saye*. The attorneys for the defendants contend that Sections 3065 and 3066 of Volume 3 of the Code of 1922 give authority to the State Highway Department to pave highways in cities in this State, for the reason, as it is claimed, that the Act from which those sections came allowed the State Highway Department to accept the terms of the Acts of Congress relating to Federal aid in this State for the building and maintenance of highways. Counsel have overlooked the fact that these statutes were of force at the time of the decision rendered in *Martin v. Saye*. A re-examination of them confirms our view that nothing contained therein permits the State Highway Department to use funds received by it through the legislative enactments of this State from the people of this State in paving highways in cities of this State containing 2,500 or more inhabitants.

It is our opinion, and we so hold, that the plaintiffs are not entitled to an order restraining the defendants from adopting and including the highway involved in this cause as a part of the State highway system, but they are entitled to an injunction restraining the defendants from expending State highway funds in paving any part of the said highway in the City of Anderson, and the judgment of the Court is accordingly.

MESSRS. JUSTICES COTHRAN, STABLER, CARTER and BONHAM concur.