14818

HEIDT v. STATE HIGHWAY DEPARTMENT

(1 S. E. (2d), 188)

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General* and *Lee & Shuler,* for appellant,

*Messrs. Norbert A. Theodore, J. C. Long* and *A. C. Hinds,* for respondent,

February 7, 1939.

The opinion of the Court was delivered by Mr. Chief Justice Stabler.

This action was commenced on November 27, 1935, in which it was sought to recover damages in the sum of $4,-000.00 for the claimed wrongful death of one Aden Allston, the plaintiff's intestate. It was alleged, among other things, that State Highway No. 511 runs through the town of Andrews, in the county of Georgetown; that on July 19, 1935, one of defendant's Ford dump trucks, which was actually engaged at the time in the construction and repairing of such highway, was loaded by Allston with earth taken from this road, and that he, in obedience to instructions given him, rode with the driver of the truck to the place where the earth was to be deposited; that when this point was reached, the driver, without any warning whatsoever, pulled the trip lever, and Allston was thrown to the ground and run over by the truck, from which he sustained injuries resulting in his death. It was further alleged that his. death was due to the negligent and careless acts of the defendant, in the particulars named, and not to any negligence or contributory negligence on his part.

The defendant, answering the complaint, admitted that Allston suffered injuries from which he died, but alleged that he was not in its employ at the time such injuries were inflicted, but was working under the exclusive control of the Federal Emergency Relief Association, which had no connection with the defendant in any manner whatsoever. It also pleaded, as a further defense, that the death of Allston "was due to the risk incident to the nature of his employment, or to his own negligence, or to the negligence of a fellow servant, or a combination of all, for neither nor any of which is the defendant liable."

On trial of the case, motions of the defendant for a non-

suit and for a directed verdict, made upon the following grounds, were refused by the Court: (1) That the only inference to be drawn from the testimony is that the highway truck on which Allston was riding at the time he was fatally injured was being operated by an employee of the Federal Emergency Relief Administration, and was in the exclusive control of that organization, an independent contractor, over which the defendant had no control; and that the deceased was in the employ of such organization at the time the accident occurred. (2) That the testimony shows no actionable negligence on the part of the defendant, but does show that the death of Allston was due, as the proximate cause thereof, to his own negligence and contributory negligence. The jury awarded the plaintiff $500.00, and from judgment entered on the verdict this appeal was taken.

Did the trial Judge commit error in refusing to direct a verdict? Under the testimony, it is clear that the plaintiff could recover damages of the defendant for the death of her decedent, if at all, only under that provision of Section 5887 of the Code of 1932, which reads as follows: "By reason of the negligent operation of any vehicle or motor vehicle in charge of the State Highway Department while said vehicle or motor vehicle is actually engaged in the construction or repair of any of the said highways."

The phrase "actually engaged" was construed by this Court in *Robinson v. State Highway Department,* 159 S. C., 405, 157 S. E., 136, to mean "really, or truly engaged." It was there held that a State Highway Department truck carrying employees from Gaffney, South Carolina, to their place of work on one of the State highways beyond the town of Blacksburg, South Carolina, was actually engaged in the construction or repair of such highway, and that the same conclusion would be reached if the truck had been carrying sand to be placed on the highway. The Court also said that a highway truck carrying sand to be used in the construction or repair of a State highway from a point one

hundred feet distant, or carrying employees from the same point to place the sand, would be so "actually engaged."

In the case at bar, the evidence discloses that in 1934 the defendant's application for approval of a work project, intended and planned to construct or repair a new section of State Highway No. 511, was approved by the South Carolina Emergency Relief Administration. At that time various relief projects were in operation all over Georgetown County, one of which was "intended to complete the drainage system of the town of Andrews by means of the repair to certain existing ditches and canals and construction of more adequate outfalls," etc. It was testified that State Highway No. 511, under the approved application referred to, was in process of construction or improvement at the time the accident occurred. Also, that the sand being removed from such highway in the Ford dump truck on which Allston was riding was being hauled into the town of Andrews to be dumped on a fill in Ashland Street, over which the defendant had no jurisdiction, for the purpose of elevating such fill. With regard to the removal of the sand from Highway 511, it was stated that, as it was a drainage proposition, this was necessary to be done in order to make a good road; and that the sand had to be moved and carried to some place, and "it was aiding" the highway in its removal. The reasonable inference, therefore, to be drawn from this testimony was that it was necessary to do this work—the removal of the sand from the road—in order to properly build and improve the highway and to complete the work as it should be done.

While it is true that the evidence shows that the truck was not carrying the sand or earth from some other point to and upon Highway 511, to be used in the construction or improvement thereof, which, as this Court has held, would fix the status of such truck as being, "actually engaged" in the construction or repair of the road, we think the converse of that proposition is equally as true, to

wit, where the truck is being used to carry sand or earth from off of a highway, which is necessary to be done in the course of the construction or improvement of the road, it follows that such truck is "actually engaged" in the construction and repair thereof. The fact that the sand removed from Highway 511 was being used on a street in the Town of Andrews for the purpose of improving or repairing same does not in any manner change or affect the conclusion reached.

Was the truck in question "in charge of the State Highway Department" while so "actually engaged"? In other words, was the defendant constructing State Highway No. 511, or was it being done by the relief administration as an independent contractor?

It was held in *Boykin v. State Highway Department*, 146 S. C., 483, 144 S. E., 227, 230, that "the State Highway Department is an administrative body, created by the Legislature, with certain fixed duties to perform, and has no authority to set at naught the explicit instructions of the Legislature." Section 5929 of the Code of 1932 provides that this department shall construct and maintain the State highways "from any amount which might be available from the automobile license tax, federal aid and gasoline tax." It was held in *Gaston v. State Highway Department*, 134 S. C., 402, 132 S. E., 680, 683, that the law "does not require the defendant to secure federal aid for the construction of this or any other highway designated therein, but only to use such federal aid when it is available."

In the case at bar F. E. Cullum, resident engineer of the defendant, testified that the highway department furnished the gasoline and trucks, including the truck in question; that he had nothing to do with the work in any respect except "setting the grades and stakes," and that he had no authority to require that his plans be followed by the relief administration, but that it could do what it saw fit about it. The application made by the defendant, however, and which was approved by the administration, provided that the construc-

tion of State Highway 511 should be "in accordance with attached plans and specifications prepared by State Highway Department"; and that "this project is to be supervised by F. E. Cullum, resident engineer," Cullum being at that time located at Georgetown as such engineer. This application was introduced in evidence and was before the Court. The record does not disclose that any consideration passed from the department to the administration for the work that was being done. In the weekly reports signed by the resident engineer, the contractor was referred to as the South Carolina Highway Department, and it was provided in the approved application of the defendant that the relief administration was under no obligation to complete the project, which meant that it could abandon it whenever it desired to do so.

Under the evidence and applicable principles of law, ██ making it the duty of the State Highway Department to construct and maintain the State highways, the trial Judge held that these questions were for the jury. In this he was entirely correct. The Court could not say, as the defendant contends, that the relief administration was an independent contractor. On the contrary, we think it might be reasonably inferred from the testimony that the administration was merely acting as the agent of the highway department in doing what work it did on State Highway 511. In no event, therefore, has the defendant any good ground for complaint. In the submission of these issues to the jury, it received at the hands of the Court all that it was entitled to.

As to ground (2) of the motion, it is sufficient to say that there was ample testimony to take to the jury the questions of actionable and contributory negligence.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.