## 9799

### PHIFER & GOSSETT v. BELUE *ET AL.*

#### (93 S. E. 388.)

1. INSURANCE—FIRE INSURANCE—RIGHTS OF CLAIMANT.—A seller who retained title until payment of full consideration, no agreement to insure for his benefit being shown, is not entitled to enjoin payment of the insurance money to one in whose name purchaser insured property.

2. INJUNCTION—FINAL JUDGMENT—POWER TO RENDER.—The Judge on hearing at chambers of an application for an injunction had no power to render final judgment dismissing the complaint.

Before RICE, J., Union, May, 1916. Modified.

Action by Phifer & Gossett against M. O. Belue and others. From a judgment for defendants, plaintiffs appeal.

*Messrs. Dobson & Vassy,* for appellants, cite: *As to power of Judge at chambers:* Civil Code, sec. 3833; 103 S.

FOOTNOTE.—As to rights of vendor and vendee to insurance on property, see notes in 37 L. R. A. 150-153, 13 L. R. A. (N. S.) 909.

C. 530; 47 S. C. 31; 54 S. C. 400; 14 S. C. 517. *Temporary injunction:* 9 S. C. 303; 92 S. C. 342; 69 S. C. 156; Code Civ. Proc., sec. 240; 16 A. & E. Enc. of L. 345; 87 S. C. 508; 93 S. C. 555.

*Mr. A. C. Mann,* for respondent, cites: *As to subrogation:* 41 S. C. 408; 56 S. C. 357. *Temporary injunction:* 69 S. C., 156 and 554; 87 S. C. 566.

September 5, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiffs allege that they sold a piano to M. O. Belue, by and with consent of Flora Belue (what relation these defendants bear to each other is not stated), taking as security for the purchase price a lease note, payable in installments, all of which are due; that it was stipulated in the note that title to the piano should remain in plaintiffs until the note was paid; that the piano was insured by the purchaser in the name of Flora Belue for $200, and was destroyed by fire; that the defendant insurance company was about to pay the insurance money to M. O. and Flora Belue; that they have no other security for their debt, and, if the money is paid to the Belues, they will get nothing, as M. O. Belue is not able to respond to a judgment against him. Upon these allegations they asked for judgment against the Belues for the balance due on the note, and for injunction against payment to them of the insurance money.

On return to a rule to show cause, carrying a temporary injunction, the insurance company stated that it held the money for the party or parties lawfully entitled to it. The Belues demurred to the complaint for insufficiency on the ground: (1) That no agreement was alleged for insurance of the piano for benefit of plaintiffs, and, therefore, no

equity to the fund, and no ground for injunctive relief; (2) that there is no allegation of insolvency of the Belues, and, therefore, no ground for injunctive relief.

The return was heard at chambers, and the Judge refused the injunction prayed for, and dismissed the complaint on the ground that it failed to state facts sufficient to constitute a cause of action for injunction.

The motion for injunction was properly refused. *Swearingen v. Insurance Co.*, 52 S. C. 309, 315, 29 S. E. 722.

But the Judge had no power at chambers to render final judgment dismissing the complaint. This has been decided in so many cases that it is needless to cite them. Some of them are cited in the arguments.

The judgment dismissing the complaint is reversed in part.