### 11250

#### NATIONAL LOAN & EXCHANGE BANK v. HIERS *ET AL.* *EX PARTE* MILEY

#### (117 S. E., 809)

Injunction—Petition Held Not to Authorize Injunction Restraining Pledgee From Selling Notes.—A petition by pledgor's receiver for an injunction to restrain pledgee from selling certain notes *held* insufficient to authorize relief on the theory of bad faith and inadequacy of remedy at law.

Before Bowman, J., Bamberg, December, 1922. Reversed.

· Action by the National Loan & Exchange Bank of Columbia against L. M. Hiers and others, in which B. W. Miley, as receiver, etc., intervened. From an order granting intervener's petition for an injunction in restraining the sale of certain notes, plaintiff appeals.

The petition of the Receiver follows:

(1) That the Farmers' & Merchants' Bank at Ehrhardt, S. C., a banking corporation under the laws of

South Carolina, was on or about the —— day of February, 1921, placed in the hands of receivers by order of this Court, and directed to be wound up as an insolvent banking corporation; that your petitioner is the duly qualified Receiver of the said bank, and as such, is now winding up its affairs.

(2) That prior to said receivership, the said Farmers' & Merchants' Bank became indebted unto the National Loan & Exchange Bank of Columbia, the plaintiff in the above-entitled action, and L. M. Hiers & Son, defendants in the above-entitled action, became indebted unto the said Farmers' & Merchants' Bank in a considerable sum, which indebtedness is evidenced by their several promissory notes; that, prior to said receivership, the said Farmers' & Merchants' Bank assigned unto the National Loan & Exchange Bank, as collateral security to its obligation, along with other collateral, three of the said notes of the said L. M. Hiers & Son, aggregating in amount forty-nine hundred fifty and 39/100 dollars ($4,950.39), exclusive of interest thereon; that the said National Loan & Exchange Bank is now holding in its possession the notes of the said L. M. Hiers & Son, and also other collateral of the Farmers' & Merchants' Bank as security for the said indebtedness.

(3) That on or about the 30th day of June, 1921, the said National Loan & Exchange Bank filed in this Court its action against the said L. M. Hiers & Son, entitled as hereinabove stated, a copy of the complaint and answers of of the defendants being hereto attached and made a part hereof.

(4) That said suit was duly docketed, and is now pending for trial in this Court.

(5) That on the —— day of November, 1922, the said National Loan & Exchange Bank served notice on the petitioner that it proposed to sell the said notes of the said L. M. Hiers & Son to the highest bidder, at Columbia, S. C.,

on the 29th day of November, 1922, a copy of which notice is hereto attached and made a part hereof.

(6) That the collaterals now held by the said National Loan & Exchange Bank, including the notes of the said L. M. Hiers & Son, as security to the obligation of the said Farmers' & Merchants' Bank, far exceed in value the amount owing by the said Farmers' & Merchants' Bank to the said National Loan & Exchange Bank, and, therefore, the petitioner, as Receiver of the said Farmers' & Merchants' Bank, has an equity in all of the said notes and collaterals to the extent of whatever remains after its indebtedness to the said National Loan & Exchange Bank has been paid; that the purpose of the sale of the said notes by the said National Loan & Exchange Bank is to acquire title thereto in order that it may compromise said indebtedness with the said L. M. Hiers & Son, and surrender the said notes to them by the payment to it of a sum much less than is due and owing thereon, and, as the petitioner is informed and believes, defeat the equity of the petitioner in the said notes.

(7) That, as petitioner is informed and believes, the said L. M. Hiers & Son are solvent; that their answers contain no defense which would bar a recovery upon said notes; that there appears no reason why said action should not be prosecuted to judgment and the said defendants, L. M. Hiers & Son, be required to pay said indebtedness in full.

(8) That the petitioner, as the Receiver of the said Farmers' & Merchants' Bank, is powerless to protect himself at the proposed sale of said notes, and, if the sale is permitted in accordance with the said notice, the depositors, creditors, and all other parties represented by the petitioner will suffer great loss and injury; that for a complete determination and protection of the rights of all interested parties, the petitioner is a necessary party to the said action.

Wherefore, the petitioner prays the order of the Court:

(1) That he, as Receiver of the said Farmers' & Merchants' Bank, be joined as a party defendant to the said action, and allowed to file his answer therein.

(2) That the plaintiff, the National Loan & Exchange Bank, its agents, attorneys, and employees, be enjoined and restrained from selling or disposing of the said notes of the said L. M. Hiers & Son.

*Messrs. Melton & Belser* and *E. H. Henderson,* for appellant, cite: *Pledgee has right to sell pledged notes:* 31 Cyc., 871; 20 S. C., 179; 27 S. C., 309. *Rights of Receiver:* 34 Cyc., 193; 7 C. J., 735; 31 Cyc., 872; 23 R. C. L., 56 to 8; 60 N. E., 1025; 38 N. E., 297; 42 L. R. A. (N. S.), 183; 206 U. S., 945. *Sale will not be enjoined because property will not bring full value:* 31 Cyc., 872; 23 So., 917; 58 Tex., 669. *Not a matter of discretion:* 18 C. J., 1135.

*Messrs. Carter, Carter & Kearse,* and *R. P. Bellinger,* for respondent, cite: *Power of pledgee over pledged notes:* 31 Cyc., 877; 22 A. & E. Enc. L., 855; 14 S. C., 148; 27 S. C., 314. *Receivership terminated power of sale:* 27 S. C., 309; 40 S. C., 413; 40 S. C., 457; 72 S. C., 270; 60 S. C., 198; 53 S. C., 446; 34 Cyc., 187–188; 23 R. C. L., 43. *No right in pledgee to compromise claim:* 28 L. R. A., 981; 21 R. C. L., 671; 19 Colo., 149; 34 S. E., 172; 98 Ill., 613; 139 Ill., 405; 64 Ill., 404; 12 Ind., 427; 135 Iowa, 176; 43 N. E., 177; 7 Am. Dec., 294; 46 Miss., 715.

June 11, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following facts are stated in the record:

"His Honor, Judge Bowman, upon the petition of B. W. Miley as Receiver of the Farmers' & Merchants' Bank, of Ehrhardt, S. C., enjoined the National Loan & Exchange

Bank of Columbia from selling certain notes. The National Loan & Exchange Bank of Columbia moved before his Honor, Judge Bowman, at his Chambers at Orangeburg, to vacate the injunction. This motion was refused, by an order dated December 9, 1922, whereupon the National Loan & Exchange Bank of Columbia appeals.

"The Farmers' & Merchants' Bank, of Ehrhardt, S. C. (referred to hereafter as the Ehrhardt bank), borrowed from the National Loan & Exchange Bank of Columbia (referred to hereafter as the Columbia bank), the sum of $10,000.00, and gave its note therefor. In order to secure this note, the Ehrhardt bank pledged to the Columbia bank various collateral securities, including three notes, aggregating about $4,950.00, executed by L. M. Hiers & Son to the Ehrhardt bank.

"The note of the Ehrhardt bank to the Columbia bank was dated February 2, 1921, became due 30 days after date, and contained the following provisions: 'The said bank is hereby authorized, upon the nonpayment of any of the liabilities above mentioned when they become due, to sell, assign and deliver the whole of the said securities, or any part thereof, * * * at public or private sale, at the option of the said bank, without either advertisement or notice, which are hereby expressly waived. If such securities or property are sold at public sale, said bank may purchase the whole or any part thereof, free from any right of redemption on the part of the undersigned which is hereby waived and released.'

"After the execution of the said note, the doors of the Ehrhardt bank were closed on account of insolvency, and Receivers were appointed. The present Receiver is B. W. Miley.

"The note of the Ehrhardt bank to the Columbia bank was not paid at maturity, and a larger amount is now due thereon than is due on the three Hiers notes. On June 30, 1921, the Columbia bank entered suit against L. M.

Hiers & Son on their three notes, and answers were put in denying liability. This case has been marked ended on the calendar.

"On November 11, 1922, the Columbia bank gave notice that it would sell the three Hiers notes at public sale, the following being a copy of the notice which was published at least two weeks before said proposed sale in The State, a newspaper published at Columbia, and was personally served upon the Receiver of the Ehrhardt bank and upon the attorney for L. M. Hiers & Son, on November 11, 1922."

The petition was verified, but no affidavits were introduced. Even, however, if the allegations thereof had been sustained by affidavits, it did not contain facts sufficient to entitle the petitioner to relief. The grounds upon which the petitioner relies for an injunction were bad faith and inadequacy of remedy at law. The facts upon which the petitioner relied to show bad faith were in accordance with the rights of the petitioner under the law; and the facts set forth for the purpose of showing inadequacy of remedy at law were insufficient.

The order refusing to set aside the order of injunction is, therefore, reversed.

Mr. Justice Cothran: I concur upon the grounds: 1. The appointment of a Receiver of the pledgor does not affect the pledgee's power of sale under the instrument of hypothecation. 2. That if neither the Receiver nor the creditors of the pledgor see fit to protect themselves at an open, fair, and advertised sale, they have no cause to complain of the exercise by the pledgee of a legal right, regardless of his motive or of his subsequent disposition of the purchased pledge. 3. That if the Receiver had any remedy at all, under the facts alleged in his petition, he should have proceeded, not in the cause which was ended, but by original action for injunction.