14354

AETNA CASUALTY & SURETY CO. v. YONCE *ET AL.*

(187 S. E., 536)

Before RICE, J., Saluda, August, 1933.

*Messrs. McKay & Manning,* for appellant,

*Messrs. J. Strom Thurmond* and *T. B. Greneker,* for respondents,

September 8, 1936.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This suit in equity arose out of the issuance of a bond by the plaintiff to the state highway department, as obligee, on September 30, 1932, in pursuance of Section 6004, Code of Laws 1932, which provides, in effect, that every highway patrolman shall file with the highway department a bond, subscribed by some duly licensed surety company, conditioned for the faithful performance of his duties, and for the prompt and proper accounting for all funds coming into his hands; and further conditioned to pay any judgment recovered against him in any Court of competent jurisdiction upon a cause of action arising out of breach or abuse of official duty or power, and damages sustained by any member of the public from any unlawful act of such officer. The bond in question covered 67 officers and employees, but we are concerned only with J. L. Whaley, a highway patrolman, who was bonded in the penal sum not to exceed $1,000.00.

On October 25, 1932, W. P. Yonce and H. A. Smith, residents of Edgefield County, were injured by or as the result of the alleged negligent acts of Whaley while in the discharge of his duties as a highway patrolman. Separate actions for damages on account of personal injuries which grew out of an automobile collision were filed by Yonce and Smith against Whaley, and Whaley having died, the actions were continued against his administrator and proceeded to judgment, the plaintiff in each case recovering judgment in the sum of $1,000.00, in the Common Pleas Court for Edgefield County.

Whaley died on April 23, 1933, while still in the employ of the State highway department as a patrolman. Shortly before his death, it appears that through his alleged negligent acts in the operation of an automobile, resulting in collision, the other defendants named in this suit, and other persons, suffered personal injury and property damage in Saluda County, and at least two of them brought individual actions di-

rectly against the plaintiff for the purpose of recovering against the bond hereinabove referred to. After the two actions in Saluda County had been brought against the plaintiff, and before the two actions commenced in Edgefield County could proceed to judgment, the plaintiff instituted this suit in equity in the county of Saluda, for injunctive relief, alleging that it was being threatened with a multiplicity of suits on an official bond it had given the State highway department, covering, among others, J. L. Whaley, claiming irreparable damage, expense, vexation, and harrassment if separate suits were permitted, inadequacy of its remedy at law, the possibility of recovery of judgments in excess of the aggregate of $1,000.00, the penalty of the bond, if such suits were prosecuted, and praying that all claimants be brought into this suit for an adjudication of their claims. A rule to show cause carrying a temporary restraining order was granted.

The defendants, Yonce and Smith, in their return to the rule, denied that any equity was shown in the complaint, alleged that each member of the public injured by the negligent acts of Whaley could recover the face of the bond, which should be construed in connection with the statute; that a jury trial is the proper mode of ascertaining damages in actions on the law side of the Court, and that the Court lacked authority to interfere with the pending actions at law by injunction. The defendants, J. F. Eargle and Gladys Eargle, who had filed their actions in Saluda County, and the State highway department, likewise made return. The State highway department admitting the allegations of the complaint and setting forth that Whaley's bond was $1,000-.00, which in its opinion was a reasonable amount. The plaintiffs in the two Saluda cases (defendants here) alleged misjoinder of parties defendant; that the complaint contained more than one cause of action; another action pending; misinterpretation of the bond, adequate remedy at law, and irreparable damage to them should the injunction be

granted. His Honor, Judge Rice, also at this hearing had before him and considered the affidavit of the agent of the plaintiff who sold the bond in question, and who deposed that the maximum aggregate liability of the bond for all injuries was the sum of $1,000.00; the pleadings in the *Yonce* and *Smith cases* in Edgefield County against Whaley's administrator, and the pleadings in the two *Eargle cases,* brought directly against the plaintiff in Saluda County.

The complaint in the action at bar prayed that the defendants be temporarily enjoined from bringing or prosecuting their actions in any other jurisdiction or proceeding other than in this cause; and further prayed that the cause be referred to the Master of Saluda County, and that he be ordered to call in all claimants interested in said bond so that their claims might be established as a basis for the ratable distribution of the sum of $1,000.00 among the parties entitled thereto, and in this connection the plaintiff offered in its pleading to deposit the sum of $1,000.00 with the Court.

His Honor, Judge Rice, upon the pleadings, return, and other papers referred to, and after argument, dismissed the temporary restraining order and rule as to the defendants, Yonce and Smith, and denied an injunction *pendente lite* as to them; but no decision was made as to the other defendants. In this order the defendants, Yonce and Smith, were authorized "to continue the prosecution of their cases in Edgefield County against the administrator of the estate of J. L. Whaley without further interference by the plaintiff or its agent," but no ruling was made upon the extent and scope of the liability of the bond issued by the plaintiff to Whaley, and no appeal was taken from this order by the plaintiff. Thereafter the two Edgefield cases proceeded to judgment against the estate of Whaley, resulting in a judgment in each case, as already stated.

After obtaining these judgments, Smith and Yonce commenced separate actions in the Court of Common Pleas for

Edgefield County, for the purpose of subjecting the bond to the payment of their judgments, each demanding judgment in the sum of $1,000.00, and interest thereon from the date of the judgment secured by them against Whaley's estate.

Before the time for answering the complaints in these two cases had expired, the plaintiff, on a verified petition in the action at bar, procured a second temporary restraining order and rule to show cause, which likewise was returnable before his Honor, Judge Rice. By this rule the defendants, Smith and Yonce, were directed to show cause why the prosecution of their actions at law in Edgefield County against the plaintiff should not be permanently enjoined. The petition alleged that the defendants, Yonce and Smith, had recovered judgment of $1,000.00 each against Whaley's estate, and had thereafter sued the plaintiff on said judgments, claiming $1,000.00 each under Whaley's bond, in separate suits in Edgefield County. The petition further alleged the pendency of the suit at bar; and further set forth that the plaintiff is being threatened with a multiplicity of suits under said bond; and specifically alleged that plaintiff's maximum liability under the bond to all parties combined cannot exceed the sum of $1,000.00, the penalty of the bond, so far as the acts of J. L. Whaley are concerned; that the amount involved in the separate suits pendin against the plaintiff by the defendants in the aggregate exceeds several times the penalty of the bond; that plaintiff will be put to great cost and expense, annoyance, vexation, and harrassment by unnecessary litigation, should Yonce and Smith and other claimants be permitted to institute and prosecute their various claims and actions separately, because it is impracticable to determine plaintiff's liability to the respective claimants, if any, except in one action. The plaintiff in its petition also asserts that it is without adequate remedy at law to prevent injustice if separate suits are permitted against it, in that in separate suit there would be danger of more than the penalty of the bond being recovered against it.

Due return was made by the defendants. Yonce and Smith, to the rule, they alleging improper pleadings, unwarranted attempt to procure construction of the statute covering Whaley's bond, that all issues are properly raised in their cases against the plaintiff, that plaintiff has adequate remedy at law, and that they will suffer irreparable damage if enjoined.

Upon this second hearing, and after reviewing all of the pleadings and proceedings in the pending actions at law against the plaintiff, his Honor, Judge Rice, again denied the injunction sought by the plaintiff, and held: "The plaintiff in this action may set up any defenses which it may have in the cases brought by W. P. Yonce and H. A. Smith against Aetna Casualty & Surety Company in Edgefield County, and it appears to the Court that this will be the quickest and easiest manner in which to have a determination of the questions which the plaintiff seeks to raise in the suit in Saluda County."

From this order the plaintiff in the case at bar has appealed, and raises three questions, which we will consider in inverse order:

1. Where several actions have been brought to recover against the corporate bondsman under a State highway patrolman's official bond, and other claims thereunder are pending, so that several times the penalty named in the bond are being demanded, is an equity action by the corporate bondsman against all known claimants to require the determination of all claims in one action and the proration of the amount of the bond among the established claims a proper remedy?

2. In an action by a corporate bondsman on a State highway patrolman's official bond against all known claimants to require the determination of all claims against the bond in one action and the proration of the amount of the bond among the established claims, should individual parties who subsequently bring separate suits against the bond be re-

strained and enjoined *pendente lite* from prosecuting their separate suits?

3. Under a State highway patrolman's bond given as provided in Section 6004 of the Code of Laws, 1932, is the aggregate of all recoveries against it limited to the penalty named therein?

It might be well to observe, however, before discussing the specific questions presented by the appeal, that the plaintiff's complaint seems to contain a double-barreled action: First, it seeks injunctive relief because of a threatened multiplicity of suits; and, second, to obtain a construction of the bond issued by it to Whaley, the highway patrolman. And it also partakes of a bill in the nature of a bill of interpleader. The first question to be considered is: Under a State highway patrolman's bond, given as provided in Section 6004 of the Code of 1932, is the aggregate of all recoveries against it limited to the penalty named therein?

Our disposition of this question will in large measure be determinative of the other questions formulated by the appellant.

In our opinion, the lower Court properly refrained from making any ruling as to the construction of this statutory bond on an injunction hearing, where the merits were necessarily not involved. This issue, therefore, does not properly arise on the record for review. A Circuit Judge at chambers, on application for a temporary injunction, cannot try the case on its merits and make a final order. The question for him to determine is solely whether in the exercise of his discretion he will grant or refuse the application for the temporary restraining order, and for this purpose he can inquire sufficiently into the merits of the case to determine how his discretion will be exercised. He can consider at chambers only the motion before him. He cannot try the case on its merits and pass an order that practically disposes of the merits of the cause. *Kinder v.*

*Atlantic Coast Lumber Corporation,* 107 S. C., 404, 93 S. E., 7.

The plaintiff, by the other questions presented to us, assumes that its entire liability on Whaley's bond is limited to the aggregate amount of $1,000.00. The whole theory of its case appears to have proceeded on this assumption, but this legal issue was never settled nor decided, nor may it be anticipated prematurely.

Viewed from one angle, as already adverted to, the case brought by the plaintiff is in the nature of a bill of interpleader, but the facts on which the plaintiff relies must entitle it to equitable rather than legal relief, and it cannot under the guise of a bill in equity litigate a purely legal claim.

The plaintiff at this stage of the proceedings does not occupy the position of a stakeholder in the possession of a common, fixed and definite sum, to which conflicting claims are made by several claimants, nor is it entitled upon this theory to the relief prayed for. The cases brought by Yonce and Smith in Edgefield County are legal in their nature, and as to these they are clearly entitled to a jury trial, which is the recognized mode of trial of actions at law. We agree with the ruling of the lower Court that the plaintiff has an adequate remedy at law, and may set up any defenses which it may have in the cases brought by Yonce and Smith in Edgefield County, and to this end the plaintiff is given a period of twenty days from the filing of the remittitur within which to answer the complaint in these actions. The general rule is that equity will not restrain a legal action or judgment where the controversy would be decided by the Court of equity upon a ground equally available at law.

Chancellor Kent, in *Eldridge v. Hill,* 2 Johns. Ch. (N. Y.), 281, says: "Enjoining litigation at law, seems to have been allowed only in one of these two cases; either, whether the plaintiff has already, satisfactorily,

established his right at law, or where the persons who controvert it are so numerous as to render an issue, under the directions of this Court, indispensable to embrace all the parties concerned, and to save multiplicity of suits."

But multiplicity does not mean multitude, and equity will not interfere where the object is to obtain a consolidation of actions, or ordinarily to save the expense of separate actions (*Sheldon v. Centre School District,* 25 Conn., 224; *Dodd v. City of Hartford,* 25 Conn., 232; *Lord Tenham v. Herbert,* 2 Atk., 483; *Eldridge v. Hill,* 2 Johns. Ch. (N. Y.), 281), or where the claim of right rests on a mere question of law (*West v. Mayor of New York,* 10 Paige (N. Y.), 539).

Bills of peace, says another authority, have been sustained by the Court to settle the rights of parties in a single suit, in cases where the questions to be determined were questions of fact, or mixed questions of law and fact. But no such bill can be sustained to restrain a defendant from suing at law, where the rights of the parties depend upon a question of law merely, and where the defendant in a suit at law must eventually succeed in his defense, without the aid of a Court of chancery, if the law is in his favor. *West v. Mayor of New York, supra; Murphey v. Mayor and Council of Wilmington,* 6 Houst. (Del.), 108, 22 Am. St. Rep., 345.

As to whether or not equity will assume jurisdiction for the purpose of preventing a multiplicity of suits, is a much vexed question. It is said in 21 Corpus Juris, § 48, p. 72: "Each case if not directly brought within the principle of some preceding case must be decided upon its own merits, in the exercise of a sound legal discretion, the factors to be considered being the real and substantial convenience of all parties, the adequacy of the legal remedy, the situation of the different parties, the points to be contested, and the result which would follow if jurisdiction should be assumed or

denied, and particularly the constitutional right of a party to trial by jury."

The Court is of the opinion that the plaintiff in its complaint has not presented such a case on the facts and the law as to warrant the Court of equity in taking cognizance of its controversy, to the exclusion of a common-law Court, which has all the necessary jurisdiction and power to grant it full and adequate redress.

The application for an injunction being unsupported by the facts and the settled principles and practice of equity, as we understand them, we think the injunction was properly denied by the Circuit Judge.

All exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate.